## ERWIN *v.* THE COMMERCIAL AND RAILROAD BANK OF VICKSBURG.

Negotiable notes can be attached only by taking actual possession of them, or by seizing them in the hands of a third person who holds them for the use of the defendant in attachment.

An attachment will be set aside where there is either no previous order authorizing it to be issued, or no affidavit of the facts necessary to authorize the granting of an order, or no bond as required by law. C. C. 239, 243, 245.

APPEAL from the District Court of Madison, *Curry,* J. *Amonett* and *Bemiss,* for the appellant. A. *Pierse, Stacy, Sparrow, Snyder* and *Thomas,* for the defendants and garnishees. The judgment of the court was pronounced by

KING, J. In June, 1842, the plaintiff commenced this action claiming from the defendants $10,000. He alleged that *Parham* was indebted to the defendants, prayed for an attachment, and that *Parham* be made a party as garnishee, and ruled to answer the interrogatories annexed to the petition. On the writ which issued the sheriff returned, that he had posted up a certified copy of it at the door of his office, and served another on *Parham* personally. *Parham* appeared, and, in answer to the interrogatories propounded to him, stated, that he executed several notes, negotiable in form, payable to the order of J. M. *Wall,* but knew not where they were; nor by whom they were owned; that, in 1839, *Wall* deposited three of these notes with the defendants, as collateral security for a debt which he owed them ; and that he was not aware of being indebted to the defendants. No further action was taken in this suit until the 28th of March, 1844, when the plaintiff filed a supplemental petition, in which he repeats the allegations of the original petition in regard to the indebtedness of the defendants, and their domicil in Mississippi, and avers that *Wall* and *Johnson* are largely indebted to them. He concludes with a prayer

that the defendants be cited; that general writs of attachment issue; that Wall and *Johnson* be made parties, as garnishees, to the suit, and ruled to answer certain interrogatories propounded to them. No order was made upon this petition, no affidavit was appended to it, and no bond was given by the plaintiff. The clerk, however, issued a writ of attachment, upon which the sheriff returned that that he had seized a note of *Culbertson's*, on file in the suit of the *Bank* v. *Culbertson*, and all the interest of the bank in that suit. Citations also issued which were served on the defendants, by being posted up at the courthouse door, and upon *Wall* personally. *Wall* answered the interrogatories propounded to him, but these it will not become necessary further to notice. The district judge rendered a judgment for the amount claimed in favor of the plaintiff, and against the garnishees *Parham* and *Wall*, reserving to the latter the right of discharging their indebtedness in the notes or currency of the defendants; and the plaintiff has appealed. The defendants and garnishees ask for the dissolution of the attachment, and the dismissal of the action.

ERWIN
v.
COMMERCIAL
AND RAILROAD
BANK.

It has been repeatedly held that, in proceedings under attachment, negotiable notes can only be seized by taking actual possession of them, or by attaching them in the hands of a person who holds them for the use of the debtor. 14 La. Rep. 451. Ib. 514. The mere service of copies of the petition and attachment on *Parham* would not have had the effect of attaching the debt, even if his answers had disclosed that the negotiable notes by which it was evidenced were owned by the bank. But his answers, which are uncontradicted, negative the fact of his indebtedness to the defendants. If the bank continued to hold the notes which were deposited three years previously, which is not shown, they were only held as collateral security. Under the first writ of attachment the defendants were clearly not brought into court by the seizure of their property, and they made no appearance; that proceeding failed altogether. The writ was returned, and never afterwards acted upon.

If it be conceded, for the purposes of this inquiry, that there was a seizure under the second writ of attachment, that proceeding was so defective as to involve its entire nullity. The writ issued without the authority of a previous order ; the plaintiff made no affidavit of the facts necessary to authorize the granting of an order, and the bond required by law was not furnished. Any one of these omissions would have been fatal to the proceedings. C. P. arts. 239, 243, 245. Although the plaintiff terms his petition a supplemental petition, he in reality instituted a new and distinct proceeding, in which he prayed for attachment and citations to the defendants and garnishees. He did not rely upon the writ originally issued, and cause a further seizure to be made under it; nor did he ask merely to make an additional party garnishee, but resorted to a new attachment. The original writ was entirely abandoned ; and, in taking out his new attachment, it was necessary that it should have been accompanied with all the formalities necessary to give it validity as a separate and distinct proceeding. Neither the oath, the order, nor the bond upon which the first attachment issued, can be called in aid of the second. They were given in a different proceeding, to obtain a writ the further execution of which was abandoned. 18 La. 484. 12 Rob. 227.

Other irregularities have been suggested, which it becomes unnecessary to consider. The defendants were not brought before the court, and no valid judgment could have been rendered against them or against the garnishees. The record furnishes no grounds for remanding the cause.

It is therefore ordered that the judgment of the District Court be reversed, and that the plaintiff's action be dismissed as in case of non-suit; the appellant paying the costs of both courts.