## J. S. PATTON v. THE STATE.

The condition of a bail bond required the accused to appear and answer "such indictments or indictment as may be preferred against him by the grand jury of H. county, for the following offenses against the laws of the State of Texas;" and then, without naming any offense, its recitals proceeded to describe two separate charges of theft. *Held*, that the bond is insufficient.

ERROR from Henderson. Tried below before the Hon. John G. Scott.

The condition of the bail bond described the two offenses in the phraseology of the charging part of indictments for theft from a house.

*J. Dowell*, for the plaintiff in error.

*P. T. Tannehill*, also for the plaintiff in error.

Fourth special exception.—It is not one of the requisites of a bail bond, before indictment found, that the defendant should appear to answer one or more indictments that may be preferred against him. He can only be required to appear and answer the accusation that has already been made. (Paschal's Digest, second requisite of a bail bond, Art. 2732.) Surely he cannot be required to answer any number of indictments that may be preferred; if so, he could be recognized to answer for several offenses in one recognizance after indictments found, the incongruity of which is too apparent for further remark.

Fifth special exception.—"That the offense is not 'distinctly named.'" All offenses in this State have distinct names, such as arson, burglary, robbery, theft, assault and battery, etc. This exception should have been sustained, as an inspection of the bond will show that

no offense or offenses are either named or "distinctly named." Paschal's Digest, Article 2732, says that the offense of which the defendant is accused, be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State. It is from the "distinct naming" of the offense that it appears therefrom, that he is accused of some offense against the laws. The reason is clear, because every offense has a name, and a mere description would frequently mislead. The distinctly naming of the offense also supersedes the necessity of such a description of the offense as would be required in an indictment. (See Foster v. The State, 27 Texas, 236.)

This is a strong case, as it shows that it is not sufficient to merely describe or name the class of offense of which defendant may be charged. "It is not sufficient if some offense known to the laws of the State be named in the bond," but it must be the offense named in the indictment; and in this case the bond should have "distinctly named" the offense with which Watson was accused by the committing magistrate or other authority, and it is ocularly demonstrable that it is not. The case of Davis v. The State, 30 Texas, 352, is equally decisive that the offense must be "distinctly named." The defendant was charged with "unlawfully using an estray horse, without complying with the law regulating estrays." This is an offense with a long name, and yet the Supreme Court decides that it was not long enough to "distinctly name" the offense. The words "taken up and using" should have been inserted in order to have made the bond or recognizance a valid one.

It is a noticeable fact that the Supreme Court reversed and dismissed the case without an assignment of errors, because of the palpable defects in the bond.

Is not the bond of Watson still more defective, as it

"distinctly names" no offense whatever? The case of The State v. Miller, 31 Texas, 564, was upon a bail bond, and although the bond recited that said Miller was "to answer any indictment that may be found or preferred by the grand jury of said county, upon a charge of the murder of Charles de la Garza, on the fourth day of March, 1867, in the county of Goliad," yet the Supreme Court sustained the judgment of the Hon. Wesley Ogden, district judge, setting aside the judgment and quashing the bond. And one of the defects in the bond, and particularly noticed by Caldwell, J., is that "the pretended bond does not name the offense with which the defendant is accused." It is not "named in the bond." It is true there were other defects in the bond, but this of not "distinctly naming" the offense is regarded as a fatal defect.

Hill v. The State, 27 Texas, 608, although a ruling upon a recognizance, is directly in point, as the naming of the offense is required in a recognizance. In bail bonds, the offense must be "distinctly named;" in recognizances, "named." Tierny v. The State, 31 Texas, 40, is a case directly in point. Other authorities might be presented, but are deemed unnecessary.

Sixth special exception, as to defendant being required to answer for two offenses in the same bond, etc. Did the law contemplate that the defendant could be required to answer for more than one offense? Article 2732, Paschal's Digest, requires; second, "That he appear before the proper court to answer the accusation (not accusations) against him;" third, "And that it appear therefrom (meaning the naming) that he is accused of some offense against the laws of the State." It is respectfully submitted that a party should be required to answer for but one offense in a bond or recognizance; and this is assuming that the offenses are

"distinctly named," and that no other objection existed. How can you apportion the penalty?

Suppose the defendant had appeared and been tried in one case, and failed to appear in the other, could a judgment *nisi* have been rendered against him for one thousand dollars, the penalty in the bond, for failing to answer? Well, suppose that both offenses are of the same grade—say theft—they are different in amount and degree; and who is to apportion the amount of forfeiture to each offense?

It is *sui generis*. (See Barringer v. The State, 27 Texas, 553.) In that case the bail bond was onerous, requiring double the amount required by the committing magistrate; and the Supreme Court decides, that the *scire facias* should be quashed and the judgment set aside, and the cause reversed and dismissed. In this case, plaintiff in error is a security on a pretended bail bond, in which the defendant is required to answer for two offenses (if any). Is it not onerous, impracticable, and beyond the contemplation of law?

It is under the above case, respectfully submitted, that the bond in this case is null and void, and this exception should have been sustained in the court below. We can find no authority upon the question of a bond taken to answer for two offenses; as it is doubtless an anomaly in practice, and never contemplated by law.

*Wm. Alexander, Attorney General,* for the State.— A comparison of the bail bond with the statute, will show that:

1. It is "made payable to the State of Texas;" for the parties "acknowledge themselves to owe and stand indebted to the State of Texas in the sum of one thousand dollars." (Paschal's Digest, Article 2732.)

2. It binds the obligors, "that the defendant will ap-

pear before the proper court to answer the accusation against him;" for it undertakes that the defendant shall appear at the next term of the District Court of Henderson county, which is the proper court, minutely setting forth the time and place, to answer such indictments or indictment as may be preferred," etc.

"Indictment" is "accusation." (1 Bouvier's Law Dictionary, 624.)

3. The offense of which the defendant is accused is distinctly named in the bond, and it appears therefrom that he is accused of an offense against the laws of the State ; as will be seen by comparison of the charges set forth in the bail bond with Article 745, Criminal Code. (Paschal's Digest, Article 2381.)

4. The bond is signed by principal and surety.

5. The bond states the time and place, when and where, and the court before which, the accused was bound to appear.

EVANS, P. J.—The appellant went bail in the sum of one thousand dollars for the appearance of one Watson "at the next term of the District Court of Henderson county."

Watson failed to appear, and judgment *nisi* was taken.

On the *scire facias*, Patton appeared, and by "plea and answer" took special exceptions to the sufficiency of the bond.

The exceptions are well taken, for it does not distinctly name the offense, but embraces a description of two offenses, and subjects the appellant to two forfeitures on the same bond. (See Paschal's Digest, Article 2732 ; Lawton v. The State, 5 Texas, 270.)

The judgment is reversed, and the case dismissed.

REVERSED AND DISMISSED.