# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1883.

ED. SACRA ET AL. V. ISAAC HUDSON ET AL.

(Case No. 4743.)

1. GUARDIAN'S BOND. — A suit by heirs against a guardian, on a guardian's bond which did not contain the name of the payee, could not be maintained (Pasch. Dig., art. 3895). Such a bond is neither good under the statute or at common law.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Suit against appellants, Sacra as principal, and the other defendants as his securities on guardian's bond, for a sum alleged to be due them from said Sacra as their guardian. Judgment was rendered May 12, 1882, for the sum of $817.44, in favor of appellees against all the appellants, holding the bond good as a statutory bond.

The part of the bond claimed to be defective was as follows, to wit: "Know ye, that E. Sacra as principal, and J. C. Richards and Tom Richards as sureties, are held and firmly bound unto ———, of the county of Grayson, in the sum of $20,000, for the payment of which well and truly to be made unto the said ———, we bind ourselves," etc.; the remainder of the bond complying with the law.

The finding of the court upon this point is as follows, to wit: "I find that the bond given by Sacra as guardian is good as a statutory bond, notwithstanding the payee is left blank."

The petition alleged that the intention was to fill the blank in the bond with the name of the chief justice, which was omitted by mistake.

*Hare & Head*, for appellants, cited Wooters *v.* Smith, 56 Tex., 198; Reid *v.* Fernandez, 52 Tex., 379; Lawton *v.* The State, 5 Tex., 270; Hanks *v.* Horton, id., 103; Mays *v.* Lewis, 4 Tex., 1; Pierce *v.* Wallace, 48 Tex., 402.

*T. J. Brown*, for appellees, cited Rose *v.* Winn, 51 Tex., 548; Giles *v.* Halsted, 4 Zabr., 366; Kincannon *v.* Carroll, 9 Yerg., 11; Janes *v.* Reynolds, Adm'r, 2 Tex., 256; Ordinary *v.* Cooley, 30 N. J. Law, 379.

WEST, ASSOCIATE JUSTICE.— We are of the opinion that the omission of the name of any payee or obligee whatever, from the bond in question, is a fatal objection.

The statute in force when the bond in question was executed (1 Pasch. Dig., art. 3895) prescribed its requisites. Among others, it was required that there should be a person in whose favor the bond should be executed, and who should be named officially in the bond as the person with whom the obligee and his bondsmen contracted. Such a person is as essential a party to a bond as a payee to a promissory note, or as a drawee or acceptor to a bill of exchange.

It was the business of the officer, charged with the duty of passing upon the sufficiency of the bond and of approving it, to see that the blanks were all filled before receiving it. If he failed to take the proper bond, he was liable to the party for the damage resulting from his neglect.

It is the duty of courts to construe and enforce contracts. To make contracts for parties is something quite beyond their province.

We have considered the case very fully, and have examined with great care the case of Rose *v.* Winn, 51 Tex., 548, as well as such of the cases cited in that opinion as are accessible to us, but are unable to find in them any authority whatever for sustaining a bond so defective as the one under consideration.

None of the cases go to the length of supplying necessary parties to bonds. If the name of the obligee may be omitted without affecting the validity of the bond, why may not the amount of the bond also be left blank? By the same reasoning, why may not both the amount and the payee be omitted? Or the signature of the principal and the sureties be dispensed with?

A suit cannot be maintained on the instrument set out in the pleadings. It is neither good under the statute or at common law. It is in fact an imperfect, unfinished instrument. With proper pleading and proof, the principal, who is liable individually, independent of the bond, can be held responsible for such sums of money as he may be found justly to owe to his late wards.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 10, 1883.]