## THE STATE OF TEXAS v. N. B. VINSON.

### No. 631.

1. **Liquor Dealer's Bond.**—To recover a penalty prescribed by statute, in whatever form, the party seeking it must bring himself strictly within the terms of the act. In this case the bond declared upon was not made payable to the State of Texas, as required by the Act of 1887, but to the county judge, as required by the repealed Act of 1881, and it is held that the petition is bad on exception.

2. **Same—Penalty—Construction.**—The character of bond required of liquor dealers by law, in so far as it affects a recovery by the State for the use of the county, is penal in its nature, and in a suit for the penalty by the State it should be more strictly construed than a voluntary bond which would be good at common law.

3. **Same.**—The very object of the statute in making the bond payable to the State was that suit might be brought in the name of the State, for the use of the county, for a recovery of the penalty; and without its being so payable the State has no interest in the suit, either as beneficiary, trustee, or otherwise.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*C. A. Culberson*, Attorney-General, and *Frank Andrews*, Assistant, for appellant.—The court erred in sustaining the special exception of defendants, to the effect that the plaintiff's petition shows that the liquor dealer's bond executed by defendants, N. B. Vinson et al., was made payable to John H. Rice, county judge of Navarro County, instead of being made payable to the State of Texas; because it is immaterial that the bond is made payable to the county judge of Navarro County instead of to the State of Texas, the State of Texas not being a beneficiary under the provisions of the same, nor under the law; the State being but a nominal payee, and the law designating the payee in said bond being merely directory. Act of 1887, Gen. Laws, p. 58; Smith v. Wingate, 61 Texas, 54; King v. Ireland, 68 Texas, 682; Wimbish v. Holt, 26 Texas, 673; Zachary v. Gregory, 32 Texas, 452; Bay County v. Brock, 44 Mich.,

45; Jessup v. United States, 106 U. S., 147; Charles v. Haskins, 11 Iowa, 329; Thomas v. Hinkley, 19 Neb., 324; People v. Love, 19 Cal., 676; Black on Intox. Liq., sec. 198; Tevis v. Randall, 6 Cal., 632; Throop on Pub. Offices and Officers, sec. 190; Murfree on Off. Bonds, sec. 171.

On motion for rehearing they cited: Washington County v. Schutz, Galveston Term, 1884 (unreported); Martel v. Somers, 26 Texas, 551; Price v. Wiley, 19 Texas, 142; Poer v. Brown, 24 Texas, 33; Suth. on Stat. Con., sec. 447.

*Croft & Croft*, for appellee.—A statutory bond executed for the purpose of obtaining license to sell intoxicating liquors, etc., must conform in every essential particular with the requirements of the statute authorizing its execution, and must not be in compliance with a statute that has been repealed by the law authorizing its execution, or it will be void. Warren v. The State, 21 Texas, 510; Sacra v. Hudson, 59 Texas, 207; Johnson v. Erskine, 9 Texas, 10; Wooters v. Smith, 56 Texas, 199; Patton v. The State, 35 Texas, 92; Village of St. James v. Hintsgen, 50 N. W. Rep., 700; Sayles' Civ. Stats., art. 3226a, secs. 4, 5; Lawton v. The State, 5 Texas, 270.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by the State of Texas upon a statutory bond, given by appellee as a liquor dealer, for $5000, under the Act of 1887, to recover " $500 as *stipulated damages*," for the use of Navarro County, for the alleged violation by appellee of the terms of the bond, in this, that " he did rent or let a part of his house or place in which he sold spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in quantities less than one quart, to a person or persons whose name or names are unknown to plaintiff, for the purpose of running and conducting games, etc., prohibited by the laws of the State of Texas." The bond as declared upon is payable to the county judge of Navarro County.

The defendant below filed a general demurrer and special exceptions to the petition, on the grounds, first, that the bond declared on was not made payable to the *State of Texas*, as required by the Act of 1887, but to the county judge, as required by the repealed Act of 1881; second, that plaintiff failed to allege that the bond was duly filed with the county clerk and kept by him as required by law; third, because plaintiff fails to allege affirmatively that any games prohibited by law were played on any part of the premises, etc. The court sustained the demurrer, and the State appeals.

The character of bond required by law, in so far as it affects a recovery by the State for the use of the county, is undoubtedly penal in its nature, and can not be otherwise construed.

The statute prescribes, that the bond must be " payable to the State of

Texas;'' and after providing the conditions of the bond, and that it may
be sued upon at the '' instance of any person or persons aggrieved,'' etc.,
provides further, that '' *in addition to civil proceedings* for individual in-
juries brought on said bond as above indicated, if any person, firm, or
association of persons shall violate any of the conditions of the bond
herein required, it shall be the *duty of the county and district attorneys*, or
either of them, to institute suit thereupon in the *name of the State of Texas*,
for the use and benefit of the county, and the amount of *five hundred dol-
lars as a penalty* shall be recovered from the principals and sureties upon
the breach of any of the conditions thereof.'' Sayles' Civ. Stats., art.
3226a, sec. 4. In that portion of the act which allows a suit on this bond
by individuals, it is said to be for '' liquidated damages;'' in that portion
which allows a suit in *addition to civil proceedings by individuals*, it shall
be by the State, and for the recovery of '' *a penalty.*''

As a penal bond upon which a suit is brought for a penalty by the
State, it should be more strictly construed than a voluntary bond which
would be good at common law. Johnson v. Erskine, 9 Texas, 10; Woot-
ers v. Smith, 56 Texas, 198; Sacra v. Hudson, 59 Texas, 207; Hanks v.
Horton, 5 Texas, 104; Pierce v. Wallace, 48 Texas, 399; Warren v. The
State, 21 Texas, 510; Patton v. The State, 35 Texas, 92.

In the case of Johnson v. Erskine, above, the court says: '' We believe
that if a bond intended to be taken by the authority of a statute can not
be sustained as a statutory bond, it can not be valid as a common law
voluntary bond, unless it will stand as such without the aid of the stat-
ute by which it has been repudiated. There is a class of bonds that may
well be sustained from their form and structure without the aid of any
statute: injunction bonds, bail bonds, replevy bonds, forthcoming bonds,
appeal and writ of error bonds, and all such as are *made payable to the
beneficiary* or the interested party; they would be valid at common law
without resorting to the statute to give them effect as such.'' In that case
there was a suit for damages against a ferryman upon his bond which
was required to be given by him in order to procure his license. It must
be borne in mind in this case that the *act* for which the penalty is sought
is not an act denounced by this statute as an offense, and for which the
penalty of $500 is prescribed; but it is made one of the conditions of the
bond, '' that he or they will not rent or let any part of the house  *  *  *
to any person or persons for the purpose of running or conducting any
game or games prohibited by the laws of the State;'' hence the penalty
must be recovered under the bond, or not at all.

The very object of the statute in making the bond payable to the State
was that suit might be brought in the name of the State, for the use of
the county, for a recovery of the penalty prescribed; and without its be-
ing so payable, the State has no interest in the suit, either as beneficiary,
trustee, or otherwise.

As was well said in the case just quoted: "Any latitude allowed to officers whose duty it was to take bonds, in departing from the terms required by the statute in the structure and framing the bond, will be an encouragement to a further disregard and inattention to its requisitions, and it must be productive of an evasion of the statute altogether."

To recover a penalty prescribed by statute, in whatever form, the party seeking it must bring himself strictly within the terms of the act. In the case of Schloss v. Atchison, Topeka & Santa Fe Railway Company, 85 Texas, 604, the Supreme Court says: " But without this statute he could not recover the damages or penalty specified in it. Therefore he must bring himself strictly within the provision of the act." Railway v. Dwyer, 84 Texas, 199; Railway v. Cruse, 83 Texas, 60; Murray v. Railway, 63 Texas, 407; Scoggins v. Perry, 46 Texas, 111; De la Garza v. Booth, 28 Texas, 480; Suth. on Stat. Con., sec. 398.

It seems to us clear that the petition does not set out a sufficient cause of action, and it is useless to consider the other assignments of error. It does not matter which one of the demurrers the court below based its judgment upon, if the correct result was reached. Wooters v. Smith, 65 Texas, 211.

The judgment is affirmed.

*Affirmed.*

Delivered November 1, 1893.

Motion for rehearing overruled December 6, 1893.