JOHN L. TIDBALL, ADMINISTRATOR, ET AL. V. ISAAC N. YOUNG, ADMINISTRATOR, ET AL.

FILED MARCH 8, 1899. No. 8787.

1. Administrator's Bond: OBLIGEE. To constitute a valid administrator's bond some person or officer must be named therein as obligee.

2. ——: ——: COUNTY JUDGE. A writing purporting to be an administrator's bond, signed by principal and sureties, approved and filed by the probate court, in which no person or officer is named as obligee is neither a statutory nor a common-law bond. It is simply a promise in writing made to no one, and is void.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Reversed.*

*F. I. Foss* and *W. R. Matson*, for plaintiffs in error.

*E. S. Abbott, contra.*

RAGAN, C.

Jarett Young died in Saline county, Nebraska, leaving a will, which was duly admitted to probate, and one Boomgarden qualified therefor and was appointed executor of Young's estate. Subsequently Boomgarden resigned and one George D. Stevens was appointed administrator with the will annexed. For the faithful performance of his duties as such administrator Stevens as principal and one Band and one Bridges as sureties executed and filed with the probate court of said county a writing, denominated in this record a "bond," which was duly approved as the bond of said Stevens as administrator with the will annexed by said probate court. Stevens' authority as administrator with the will annexed was extinguished by an order of the probate court removing him as such administrator and Isaac N. Young was appointed administrator instead, who duly qualified by giving his bond and accepting the trust. He then

brought this suit in the district court of Saline county against Stevens as principal and Band and Bridges as sureties to recover the value of certain personal property belonging to the Jarett Young estate, which it is alleged Stevens, while he was administrator with the will annexed, took possession of and converted to his own use, or at least had neglected and refused to account for and turn over to the present administrator. Young, administrator, based this action on the bond which it is alleged that Stevens as principal and Band and Bridges as sureties executed and filed in the probate court at the time Stevens was appointed administrator with the will annexed. It seems that during the pendency of this action Stevens died; at any rate his death was suggested and his administrator, John L. Tidball, was made defendant to this action in place of Stevens, deceased. The trial in the district court resulted in a judgment in favor of Young, administrator, against Tidball, administrator of Stevens' estate, and against Band and Bridges, to review which the parties below have filed here a petition in error.

The writing or paper sued on here as a bond executed by Stevens as principal and Band and Bridges as sureties, so far as material here, is as follows: "Know all men by these presents, that we, George D. Stevens, as principal, and Charles Band and W. A. Bridges, as sureties, all of the county of Saline and the state of Nebraska, are held and firmly bound in the penal sum of $4,000, lawful money of the United States, well and truly to pay we bind ourselves, our heirs, executors, administrators, and assigns, and each of them, firmly by these presents." It is to be observed that this so-called bond is without an obligee. Nowhere in the bond is any person mentioned as an obligee, nor is there any blank left in the bond for the filling in of the name of an obligee. The bond simply recites that the principal and sureties are held and firmly bound in a certain sum of money, to pay which they bind themselves. The bond recites that

Stevens had been appointed administrator with the will annexed of the estate of Jarett Young, deceased, and then recites generally that if Stevens, as such administrator, shall perform his duties, the obligation shall be null and void; otherwise remain in full force and effect. Section 311, chapter 23, Compiled Statutes, provides: "All bonds required by law to be taken in or by order of the probate court shall be for such sum and with such sureties as the judge of probate shall direct, except when the law otherwise prescribes; and such bonds shall be for the security and benefit of all persons interested, and shall be taken to the judge of probate, except where they are required by law to be taken to the adverse party." Section 179 of said chapter provides: "Every administrator, before he enters upon the execution of his trust and before letters of administration shall be granted to him, shall give a bond to the judge of probate," etc. An essential thing in every administrator's bond is an obligee. The promise of the principal and sureties signing such an instrument must be made to some person or officer. The instrument on which this action is based does not comply with the statute. It is not the bond which the statute requires an administrator to give. It is neither good as a statutory bond nor as a common-law bond. It is a promise in writing made to no one. It is simply void. *Sacra v. Hudson*, 59 Tex. 207, was a suit on a paper alleged to be a guardian's bond, and in the alleged bond no one was named as obligee, although the bond recited that the principal and sureties "are held and firmly bound unto ——," and the court held that this instrument was not a good guardian's bond, either under the statute or at common law, and that a suit could not be maintained thereon, because no one was named in the bond as obligee. The court said: "It is the duty of courts to construe and enforce contracts. To make contracts for parties is something quite beyond their province. * * * None of the cases go to the length of supplying necessary parties to bonds. If the

name of the obligee may be omitted without affecting the validity of the bond, why may not the amount of the bond also be left blank? By the same reasoning, why may not both the amount and the payee be omitted? Or the signature of the principal and the sureties be dispensed with?"

It may be that the county judge who accepted and approved this writing as the bond of Stevens, administrator, may be liable upon his bond to the present administrator of the Young estate, if the latter estate has been prejudiced by the negligence of such county judge. But this we do not decide. It may be that if Stevens, during his lifetime, and while pretending to act as administrator for Young's estate, obtained possession of and converted to his own use the assets of that estate, the Stevens estate is now liable to the Young estate therefor. But no one is liable to the Young estate on this instrument alleged to be the bond of Stevens, administrator. The instrument made the basis of this suit is alleged to be a bond and contract of the parties who signed it. It is not a contract. It is an imperfect and unfinished instrument in writing, and no action can be maintained thereon. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.