No. 3706

**Second Circuit**

———

**SMITH v. WILSON**

———

(December 31, 1929.  Opinion and Decree.)
(January 31, 1930.  Rehearing Granted.)

———

Henry W. Bethard, Jr., of Coushatta, attorney for plaintiff, appellant.

Dale, Dale & Dale of Vidalia, and D. W. Gibson, of Harrisonburg, attorneys for defendant, appellee.

REYNOLDS, J.  This appeal is from a judgment rejecting appellant's demand for the annulment of a judgment rendered by the district court of Catahoula parish in case on its docket numbered 5490 and entitled Fred R. Wilson vs. J. B. Smith.

The judgment was in rem against certain described land and based on substituted service.

The contention of appellant is that the land was never legally seized, and consequently the court never acquired jurisdiction.

The suit was tried on the face of the record in the suit of Wilson against Smith, together with an affidavit of the sheriff as to what he did under a writ of attachment alleged to have been issued therein and not returned by him because lost.

Only questions of law are involved, and the facts on which they turn undisputed and few.  These facts are as follows:

August 19, 1927, appellee filed his petition alleging that appellant was indebted to him in a named amount, was a nonresident of the state, and that he owned certain land, describing it; and he asked that an attachment issue and the land be seized thereunder, that an attorney to represent the absentee be appointed, and that on trial there be judgment fixing the amount of his debt, sustaining the attachment, decreeing him a privilege on the land by reason of its seizure, and ordering it sold for the satisfaction of the judgment.

On the same day a bond was filed, and the clerk of court signed an order for a writ of attachment to issue and appointing

R. R. Reeves, an attorney at law, to represent the non-resident.

Reeves duly accepted the appointment, but did not file any pleading or take any other action in the suit.

The record does not show that at that time any writ of attachment or any citation was issued and executed, but the affidavit of the sheriff, referred to, states that:

"Suit in the above case was filed August 19, 1927. On the same day a bond in due form for $250.00 was filed. An order for a writ of attachment was signed the same day. On the same day a writ of attachment was issued. On the same day R. R. Reeves, attorney at law, was appointed to represent the absentee, J. B. Smith. On the same day a certified copy of the writ of attachment and citation was posted on the principal front door of the room of the court house in Harrisonburg, La. Soon after the 19th of August, 1927, the property described in the petition was attached and taken into my possession, which attachment was never released, and the writ, while I cannot find same, and it was lost, was never endorsed by me as returned. The plaintiff never ordered me to return the writ."

The minutes show that on November 10, 1927, judgment by default was entered. On April 2, 1928, judgment by default was again entered. On April 4, 1928, a writ of attachment and a citation were issued. It is this citation and writ and the proceedings had in execution thereof on which the judgment assailed is based.

The minutes further show that on June 9, 1928, "the default previously taken was, on motion of counsel for plaintiff, set aside, and a new judgment by default taken"; and that on November 26, 1928, judgment by default was again entered. On December 3, 1928, the case was tried on the merits and judgment rendered and signed.

The judgment recites among other things, that:

"An attachment issued against the defendant on the 4th day of April, 1928, and, on the 14th day of April, 1928, the writ was executed by the sheriff of Catahoula parish going upon and attaching and taking into his actual possession the following described lands. * * * "

And appellant contends that whatever proceedings were had under the writ of attachment and citation of August 19, 1927, were abandoned, and any jurisdiction acquired by the court was lost in consequence, and that, the judgment assailed being founded upon the writ of attachment and citation of April 4, 1928, it is null, for the reason that a new writ could not legally issue on the old affidavit and bond and order; that the old affidavit and order and bond had become functus officio by reason of the issuance of the old writ of attachment; and that neither the old affidavit nor bond nor order, could be called in aid of the second writ; and he cites us to the cases of Erwin vs. Bank, 12 Rob. 227; Erwin vs. Bank, 3 La. Ann. 186, 48 Am. Dec. 447; Pugh vs. Flannery, 151 La. 1063, 92 So. 699, in support of these contentions. We have examined the cases, and do not think they go as far as contended for by appellant.

The affidavit of the sheriff shows that on August 19, 1927, a writ of attachment and citation were issued to him and that he duly executed them, but that he lost the writ of attachment, and therefore never returned it. The writ having been issued and levied, we think the court acquired jurisdiction, and it was not deprived of its jurisdiction by the loss of the writ and the sheriff's inability to return it. Under the circumstances, the writ of April 4, 1928, was in the nature of an alias, and therefore the old affidavit and bond and or-

der were sufficient to support it. The new writ and the proceedings under it were a continuation of the old, which were not abandoned.

Appellant's only contention being that the court was without jurisdiction, and that contention being found untenable, it follows that the judgment appealed from is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.