No. 3706

Second Circuit

SMITH v. WILSON

(June 2, 1930. Opinion and Decree.)

Henry W. Bethard, Jr., of Coushatta, attorney for plaintiff, appellant.

Dale, Dale & Dale, of Vidalia, and D. W. Gibson, of Harrisonburg, attorney for defendant, appellee.

WEBB, J. This appeal was presented in December, 1929, the judgment appealed from was affirmed on December 31, 1929 (see Smith vs. Wilson, 13 La. App. 437, 125 So. 302), and the appeal is now considered on rehearing granted on motion of plaintiff and appellant.

The suit is to annul a judgment rendered in favor of Fred R. Wilson, defendant here, against J. B. Smith, plaintiff here, in the cause of F. R. Wilson vs. J. B. Smith, No. 5490 on the docket of the Seventh judicial district court of Catahoula parish, La., in which action Wilson, under allegations that Smith was indebted to him and that he (Smith) was a non-resident of Louisiana, proceeded in rem, or by attachment, against the property of the debtor, situated in the parish of Catahoula.

There were two writs of attachment issued in the proceeding, one at the time the proceeding was instituted, on August 19, 1927, which was executed by the sheriff, who lost the writ and did not make any return showing the seizure of any property under the writ or service of process, and the other writ, of date April 4, 1928, was issued without any amendment of the pleadings, affidavit, order, or bond, under which the property was again seized, and under which the subsequent proceedings appear to have been based.

Plaintiff attacked the validity of the judgment, on the ground that the court had not acquired jurisdiction, urging that the first writ was abandoned and that the second writ was invalid.

In the original opinion we held that the court had acquired jurisdiction under the first writ and that the second writ was in the nature of an alias writ and the proceedings thereunder a continuation of the former proceedings, and that the court was vested with jurisdiction; but, on further consideration, we are of the opinion that the seizure under the second writ cannot be considered, and that the plaintiff abandoned the first writ and the proceedings thereunder.

In proceedings in rem, by attachment against the property of an absentee, it is essential that the requirements authorizing such proceedings should be strictly followed, and that the record and returns of the officer executing the orders of the court should show such compliance. Pugh vs. Flannery, 151 La. 1063, 92 So. 699, and authorities cited. Also Leblanc vs. Perroux, 21 La. Ann. 26.

There was not any return made by the officer executing the writ of attachment and process issued at the time the proceedings were instituted, and while it must be conceded that the loss of the originals of such instruments did not require that plaintiff should begin the proceedings anew and have the property again seized and process served, the record shows that plaintiff elected to take such course rather than to have duplicates of the instruments issued, and plaintiff must be held to have abandoned the original attachment and proceedings thereunder; and the second writ of attachment having been issued without a new affidavit, order, or bond, was invalid, and the court was not vested with jurisdic-

tion under either writ. Erwin vs. Bank, 3 La. Ann. 186, 48 Am. Dec. 447; Pugh vs. Flannery, supra.

The judgment appealed from is therefore annulled and reversed, and it is now ordered, adjudged, and decreed that plaintiff, J. B. Smith, have and recover judgment against defendant, F. R. Wilson, annulling and avoiding the judgment rendered in favor of F. R. Wilson against J. B. Smith in the cause of F. R. Wilson vs. J. B. Smith, No. 5490 on the docket of the Seventh judicial district court of Catahoula parish, La.; and it is further ordered that defendant, F. R. Wilson, pay all costs.