## CITIZENS' NAT. BANK OF GODLEY v. POLLARD.

### No. 941.

Court of Civil Appeals of Texas. Waco.

Sept. 18, 1930.

Walker & Baker, of Cleburne, for appellant.

B. Jay Jackson, of Cleburne, for appellee.

GALLAGHER, J.

This suit was instituted by appellee, J. M. Pollard, to recover of appellant, Citizens' National Bank of Godley, damages in the sum of $450 for an alleged breach of contract. Appellee alleged, in substance, that one Watson was indebted to him in the sum of $578, which was unsecured; that said Watson was indebted to appellant in approximately the same amount, which was secured by chattel mortgage on Watson's crops for the year 1926 and two mules; that Watson had to his credit in said bank approximately $500, the proceeds of the sale of a part of said crops; that appellant's cashier, Beaver, suggested to appellee that he sue out a writ of garnishment against appellant, and that if he would thus "tie up said money on deposit, that the bank would then at once foreclose its mortgage on the other mortgaged property" and satisfy its debt, or as much thereof as it could out of such property; that appellee did sue out a writ of garnishment and cause the same to be served on appellant; that appellant, in violation of said agreement, failed to foreclose its lien on the mortgaged property, but applied the money on deposit as aforesaid to the satisfaction and extinguishment of its debt; that the remainder of the mortgaged property was consumed or wasted by Watson; that he was insolvent; and that appellee had been unable to collect anything on his debt.

Appellant alleged, in substance, that the money on deposit as aforesaid was the proceeds of sales of a part of the property mortgaged by Watson to secure his debt to it; that such sales had been made under an agreement that the proceeds thereof should be so deposited and that when a sufficient amount had been accumulated the same should be applied in discharge of said debt; that it had a right to apply and did so apply the same. Appellant further alleged that appellee attempted to garnish the funds on deposit with it, but that the bond given by appellee in such proceedings was not made payable to said Watson, defendant therein, nor to any other person, and that the same was therefore null and void and wholly insufficient to support a writ of garnishment; that the service of such writ upon it was wholly without effect; and that appellee acquired no right against it or said money on deposit with it by such service. Appellant further alleged that the said garnishment proceedings were thereafter voluntarily dismissed by appellee and judgment of dismissal duly entered, and all rights, if any, acquired by appellee by the service of said writ were thereby terminated.

The testimony showed that Watson was indebted to appellee for a balance of $578, with interest, evidenced by note; that he was also indebted to the bank in the sum of $305, also evidenced by note and secured by chattel mortgage on 45 acres of cotton and two mules; that the principal part of the cotton had been sold and the sum of $279.85 deposited in the bank as the proceeds of such sales, with the understanding that the same should be applied on said note to the bank; that shortly after the service of the writ of garnishment, Watson went to appellant, demanded that the money on deposit be applied as a credit on his note to it, tendered the balance due thereon in cash, and demanded that such note be canceled and surrendered to him, all of which appellant did. Appellee testified concerning the agreement between him and appellant as follows:

"When I was talking to Mr. Beaver about garnishing the money he said I could go ahead and garnish the money in the bank and that then the law would force the bank to foreclose on this other mortgaged property before the money in the bank could be touched; if the other mortgaged property brought enough to pay the bank, all right, if not, the bank could get the rest of its money out of the money in the bank and that I would get the remainder."

He further testified in this connection:

"Mr. Beaver told me to come to Cleburne and see a lawyer and talk to him and see if it would be all right to tie up the money in the bank; that he thought it would."

Appellant's cashier, Mr. Beaver, testified with reference to said agreement as follows:

"I told him (appellee), however, if there was any way for it to be handled so the bank's funds would not be jeopardized, I was willing for him to garnish the account, and if he could hold it lawfully, that I would foreclose on the mules * * * that if he couldn't hold it lawfully, then it had to be

applied on Mr. Watson's obligation to the bank. There was no other or different agreement made at any time. That was the sole agreement made."

Some time thereafter, and long before the trial of this cause, appellee's garnishment suit against appellant was dismissed at his own request.

The case was tried to a jury and submitted on special issues, in response to which the jury found, in substance:

(a) There was a valid agreement between appellee and appellant's said cashier, whereby appellant agreed to collect or recover its debt against Watson by foreclosure proceedings.

(b) Said agreement was breached or violated by appellant.

(c) Appellee was damaged by such breach in the sum of $75.00.

The court entered judgment on the verdict in favor of appellee against appellant for the sum of $75, with interest from date and costs of suit.

### Opinion.

Appellant by a group of propositions presents as ground for reversal the action of the court in refusing its request for a peremptory instruction in its favor. Appellant contends in this connection that conceding an agreement was made in substance as claimed by appellee, the same was predicated upon the proposition as a condition precedent that appellee should by the service upon it of a valid writ of garnishment, impound the funds on deposit, and thereby acquire the right to ask for and require a marshaling of assets and the satisfaction of appellant's debt out of the other mortgaged property upon equitable principles applicable in such cases. Appellant further contends that appellee's purported garnishment bond was fatally defective and wholly insufficient to support the writ of garnishment served upon it and to impound the funds in its hands. It is clear that appellee had no right to or claim on the money on deposit in appellant's bank, and it is also clear that appellant had no right to pay or agree to pay the same to appellee in satisfaction of his debt. The only way by which appellee could subject said money to his claim was by garnishment process. The duty of suing out such process, of course, rested upon him. It was, as contended by appellant, a condition precedent to the promised action by appellant. Incidentally, it appears that such promised action was purely gratuitous. Appellant was under no legal obligation to aid appellee in the collection of his debt. Neither was it contemplated that it should be in any way benefited thereby. On the contrary, it voluntarily offered to assume additional burdens in aid of appellee's efforts to collect his debt in the manner suggested by its cashier.

"Garnishment" is a species of attachment. It is a summary proceeding. The procedure prescribed in suing out a writ must be strictly followed. Defects in the affidavit or bond required are not amendable. Buerger v. Wells, 110 Tex. 566, 567, 222 S. W. 151; Insurance Company v. Friedman Bros., 74 Tex. 56, 57, 11 S. W. 1046, et seq.; Jemison v. Scarborough, 56 Tex. 358, 361; Scurlock v. G., C. & S. F. Ry. Co., 77 Tex. 478, 482, 14 S. W. 148; New Amsterdam Casualty Co. v. Keith (Tex. Com. App.) 273 S. W. 836, 837, par. 1; First Nat. Bank v. Guaranty Bond State Bank (Tex. Com. App.) 23 S.W.(2d) 312, 313, pars. 1 and 2; East & West Texas Lumber Co. v. Warren, 78 Tex. 318, 320, 14 S. W. 783. Article 4077 of our Revised Statutes requires a party applying for a writ of garnishment in a pending suit to execute a bond payable to the defendant therein. Appellees filed a bond in connection with his application for the writ of garnishment served on appellant, but for some reason not explained, such bond was not made payable to Watson, the defendant in the suit, nor to any other person. Such being the case, it was neither good under the statute nor at common law and no action could be maintained thereon. Sacra v. Hudson, 59 Tex. 207, 208; State v. Vinson, 5 Tex. Civ. App. 315, 23 S. W. 807, 808 (writ refused); Tidball v. Young, 58 Neb. 261, 78 N. W. 507, 76 Am. St. Rep. 98, and 508; Phelps v. Call, 29 N. C. 262, 47 Am. Dec. 327, 328; Stifel Estate Co. v. Cella, 220 Mo. App. 657, 291 S. W. 515, 518, par. 4; Stulz v. Lentin, 220 Mo. App. 840, 295 S. W. 487, 489, par. 4; 4 R. C. L. p. 50, § 8; 9 C. J. p. 10, § 6. Appellee's garnishment proceedings were on that account fatally defective and he acquired no right to the funds on deposit by the service of said writ. 12 R. C. L. pp. 822 and 823, § 54; Erwin v. Commercial & Railroad Bank, 3 La. Ann. 186, 48 Am. Dec. 447, 448; Oldham v. Ledbetter, 1 How. (Miss.) 43, 26 Am. Dec. 690, 694; A. Leffner & Son v. Union Compress Co., 126 Ga. 662, 55 S. E. 927, 928; 28 C. J. p. 215, § 277, and authorities cited in note 82. Since the writ of garnishment sued out by appellee was not supported by a valid bond, the service thereof upon appellant was ineffective to impound the funds on deposit in the bank or to deprive Watson of the right to control the same. Appellant therefore had no legal right to refuse to comply with Watson's demands as hereinbefore recited and no cause of action accrued to appellee by such compliance. Appellee failed to show any right to recover and the court erred in refusing appellant's request for a peremptory instruction.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.