## WARMAN v. WARMAN.
### No. 8604.

Court of Civil Appeals of Texas. San Antonio. April 22, 1931.

Rehearing Denied June 3, 1931.

Atlas Jones, of Uvalde, and Leonard Brown, of San Antonio, for appellant.

C. C. Wurzbach and Chas. W. Anderson, both of San Antonio, for appellee.

FLY, C. J.

This is a suit for divorce instituted by appellee against appellant, and for allotment of her separate property to her. In addition to a prayer for alimony and attorneys' fees, she prayed for an injunction requiring appellant to deliver the keys to the house to appellee, and that he be restrained from "speaking to plaintiff and otherwise molesting her." .

The cause was tried by jury, eleven special issues being presented to them, and upon the answers thereto judgment for divorce was denied appellee, but was granted appellant on his cross-action, and a part of the property was set apart to appellee as her separate property, and the property found to be community estate was ordered sold and the proceeds divided between the parties.

No statement of facts has been filed in this court, and the court is not in a position to pass upon questions of fact, which are the only matters raised in the motion for new trial. Appellant has sought to bring other assignments of error before this court, raising questions not presented in the motion for new trial, but which for the first time are presented in this court. There is no fundamental error raised by such additional assignments of error, and they will not be considered by this court. No bills of exception, prepared as required by law, are contained in the record.

There are some unusual features contained in this case, which have not been explained. Correspondence of appellant with several parties is included in the transcript; among the number being a letter from the special judge who tried the cause, which brings out some singular matters in connection with the case. The letter is as follows:

"San Antonio, Texas, December 13, 1930.
"Mr. Atlas Jones Attorney at Law, Uvalde, Texas

"Dear Mr. Jones: I received a copy of your Bills of Exception and application for extension of time in the case of Gertrude Day Warman v. T. J. Warman. I also have before me your letter of December 11 and note the contents of same.

"I notice that in your application for extension of time you say: the only issues that are of any importance to the parties to said case upon an appeal of the same are the property issues.' This statement is true, but the unfortunate thing now is that the parties have agreed to accept the decision of the jury as to the division of the property, and the property has been sold and each party has received his or her part of it. In my judgment, it would be very foolish to further press this matter. There is nothing to adjudicate. The parties have by agreement accepted the verdict of the jury; and I do not believe that I would be justified in signing any bills of exception and application for extension of time for filing said bill. The matter has been settled by your client and the plaintiff in this case.

"Respectfully yours, W. S. Anthony."

The letter speaks for itself.

No error is apparent of record, no statement of facts has been filed, and, the assignments being based on matters of fact, the judgment must necessarily be affirmed.