## CARDINELL v. FIRST NAT. BANK OF HOUSTON.

No. 9982.

Court of Civil Appeals of Texas. Galveston.

April 13, 1934.

See, also, 42 S.W.(2d) 145.

Boyles, Scott & Fahey and Frank G. Dyer, all of Houston, for defendant in error.

GRAVES, Justice.

In this cause the plaintiff in error sued the bank for $1,740 alleged to be due him by it for a commission he claimed to have earned for having sold as its agent certain properties it owned in Brazoria county, declaring upon both an express contract and on quantum meruit.

The bank answered his petition with a general denial, further pleading the two-year statute of limitations (Rev. St. 1925, art. 5526) against the claim in so far as it was one on quantum meruit.

The cause came on for trial before a jury, and at the conclusion of the evidence the trial court, on the bank's motion, instructed a verdict in its favor, which, being so returned, was followed by a judgment decreeing that the plaintiff in error take nothing; from that action this writ has been regularly sued out.

The cause comes up on a transcript, which discloses that the court below had jurisdiction of the parties, as well as of the cause of action, that the judgment is one it had the power to render under the pleadings, and that no fundamental error in the proceedings so taken is shown upon the face of the record; there is presented neither brief for the plaintiff in error, nor any statement

of facts showing what the evidence was below.

Under the conditions stated, the appeal presents nothing for review here, the law applicable being thus stated in 3 Texas Jurisprudence, p. 538:

"As a general rule contentions or assignments of error which depend upon or require a consideration of the evidence or the facts can not be considered or passed upon by the appellate court in the absence of a statement of facts, or, in cases tried by the court without a jury, when there is no statement of facts and no conclusions of fact were filed by the trial court. This is true, for example, of assignments of error depending upon the sufficiency of the evidence, or questioning the correctness of conclusions of law, when their correctness depends upon matters of fact not found by the court, and generally of assignments requiring a consideration of evidence presented on the hearing of motions or pleas or complaining of the admission or exclusion of evidence, or the giving of or refusal to give instructions."

The judgment will be affirmed.

Affirmed.