## RUSSELL v. GENERAL SPORTS MFG. CO.

No. 4812.

Court of Civil Appeals of Texas. Amarillo.

Nov. 1, 1937.

Rehearing Denied Dec. 13, 1937.

Ross M. Lambdin, of Amarillo, for plaintiff in error.

R. A. Wilson, of Amarillo, Curtis Douglass, of Panhandle, and Paul Ware, of Chicago, Ill., for defendant in error.

FOLLEY, Justice.

This is an appeal by writ of error from a judgment in a garnishment suit in the 108th district court of Potter county, Tex. General Sports Manufacturing Company, defendant in error, as plaintiff below, filed a garnishment suit in which the Doniphan Oil & Gas Company, a Texas corporation, was named as the garnishee. The plaintiff in error, Walter G. Russell, was one of the original defendants in cause No. 6576 in said court in which suit Wilson-Western Sporting Goods Company, a Delaware corporation, recovered judgment against the defendants for the sum of $2,032.98. Upon such judgment this garnishment suit was predicated. General Sports Manufacturing Company alleged the ownership of this judgment in the garnishment proceeding, asserting that the assets of the Delaware corporation had been previously transferred to it, which assets included the judgment against the defendants in the original suit. The application for the writ of garnishment asked that both Walter G. Russell and his wife, Myrtle M. Russell, be made parties defendant. Service was not had upon Mrs. Russell, and the garnishment was dismissed as to her. All other parties appeared in the trial court. We shall give the parties their trial court designation.

The defendant, Walter G. Russell, in a special defensive plea, denied that the plaintiff, General Sports Manufacturing Company, owned the judgment upon which it sought relief in the garnishment suit. The garnishee, Doniphan Oil & Gas Company, by plea in abatement, denied that plaintiff was the owner of the judgment in question, and alleged that the Wilson-Western Sporting Goods Company was the owner of said judgment. The garnishee further answered that it was not indebted to the defendant, Walter G. Russell, except in the sum of $1,646.63 for services rendered it by the defendant, which was evidenced by a promissory note of equal amount due January 1, 1939; that Walter G. Russell owned one share of its capital stock, which it asserted was the community property of Walter G. Russell and his wife, Myrtle M. Russell; that the defendant, Walter G. Russell, claimed the above sum of $1,646.63, as evidenced by said note, was exempt to him as current wages. The defendant further denied that the garnishee owed him anything, asserting that he had negotiated said note and set up his claim to exemption of the sum originally owed him as current wages. The plaintiff, in an amended pleading, controverted the answers of the garnishee.

This cause was submitted to a jury upon two different sets of fact issues. One of these sets of fact issues presented to the jury the question of ownership of the judgment in question, and the other presented to the jury issues as to whether there was anything subject to garnishment. The answers of the jury in regard to the ownership of the judgment resulted in favor of the plaintiff. The answers to the issues

relating to the indebtedness of the garnishee resulted against the plaintiff and in favor of the defendant and garnishee. The court therefore rendered judgment refusing the plaintiff any recovery against the garnishee, but allowed the plaintiff the benefit of the favorable issues as to the ownership of the judgment by adjudicating the ownership of the judgment, as against the defendant and the garnishee, to be in the plaintiff. The judgment of the trial court in regard to this matter reads as follows: "That plaintiff be, and it is hereby adjudged, as against garnishee and defendant Walter G. Russell, to be the owner of that certain judgment in Cause No. 6576, entitled Wilson-Western Sporting Goods Company v. Walter G. Russell et al., dated the 25th day of September, 1928, in the sum of $2,032.98 and costs of court, and recorded in the Minutes of this Court in volume 15, at page 69, being the judgment declared upon in this suit." From such judgment the defendant has appealed to this court without giving the court the benefit of a statement of facts.

The plaintiff has filed a motion to dismiss the writ of error herein on the ground that the citation in error was served on the attorney of record of the plaintiff when such citation on its face does not direct such service but directs service upon plaintiff. Plaintiff has filed an additional motion to the effect that, if the defect in service would not operate as a complete dismissal of the writ of error, but would only amount to the striking of the record, thereby giving the defendant leave to refile, after procuring service, then the plaintiff desires to waive the right to the relief sought in its first motion. It is our opinion that the plaintiff would only be entitled to an order striking the case from the docket of this court but not to a dismissal of the writ of error. This would leave the defendant with the right to refile the transcript, after completing service, and would amount, in effect, to delay only. 3 Tex.Jur. 736, par. 527. In view of such a situation and of plaintiff's request, we will consider that plaintiff has abandoned its motion to dismiss.

The defendant attacks that portion of the judgment, which is quoted above, alleging that such is a declaratory judgment, and that the trial court was not authorized to make such an adjudication in a garnishment proceeding. He asserts that the only judgment that the court was authorized to render was one refusing a monetary recovery against the garnishee. We recognize the fact that this state has no statute authorizing the courts to enter a declaratory judgment, and we can find no cases from any jurisdiction holding that a declaratory judgment may be rendered in the absence of such a statute. We cannot agree with the defendant's contention, however, that the judgment above is merely a declaratory judgment. In this case the defendant raised the issue as to the ownership of the judgment upon which the garnishment was based, and, had he been successful in this defense, it would have defeated the recovery of the plaintiff against the garnishee even if the garnishee had been indebted to the defendant. This question became a material issue both as to the recovery of the plaintiff and as to the defense of the defendant. The plaintiff pleaded ownership of the judgment. This plea was controverted both by the defendant and the garnishee. This question becoming a material issue of fact, the court was bound to submit issues to ascertain the true status of ownership before he would be authorized to render a judgment on such issue. The ownership of the judgment was just as vital to plaintiff's cause of action as was the indebtedness of the garnishee to the defendant. If the jury had found that plaintiff did not own the judgment, certainly the defendant and the garnishee would have been entitled to discharge from the garnishment proceedings. The plaintiff could not have complained of an adjudication against it as to the ownership of the judgment had the jury found that the plaintiff did not own said judgment. The defendant would have taken advantage of such a situation when one of his main defenses was in regard thereto. Can it be said that the defendant would be entitled to such an adjudication and deprive the plaintiff of the same right? Since the judgment merely declared ownership in the plaintiff as against the garnishee and the defendant only, and all of these parties were before the court asserting their rights in such matter, we think the court was authorized to render the judgment adjudicating the rights of these parties as to such ownership. This is especially true in this case because the ownership of the judgment was one of the dominant issues in the suit. We overrule this assignment. Rothschild Bros. Hat Co. v. Lotief (Tex.Civ.App.) 3 S.W.2d 497; Smith v. Texas & P. Ry. Co. et al. (Tex.Civ.App.) 39 S.W. 969;

Amarillo Nat. Bank v. Panhandle Telephone & Telegraph Co. et al. (Tex.Civ. App.) 169 S.W. 1091; Payne v. Finley (Tex.Civ.App.) 291 S.W. 944; 20 Tex. Jur. 886, 887, pars. 139 and 140.

The defendant complains of the action of the trial court in taxing costs against the defendant which had accrued between the plaintiff and the defendant. The plaintiff was charged with all costs in the garnishment proceeding proper, the defendant and garnishee have been discharged from such costs. Following such disposition of the costs in the garnishment, the judgment reads as follows: " * * * but that those costs accruing between plaintiff and the defendant Walter G. Russell are adjudged against said defendant by reason of his unsuccessful effort to deny plaintiff's ownership of the judgment involved." This portion of the judgment forms the basis for the complaint of the defendant. The record does not reflect that such matter was ever presented to the trial court for any ruling thereon. Regardless of this, we think such an adjudication of costs was clearly within the discretion of the trial court. There being no apparent abuse of such discretion, we overrule this assignment. Article 2066, R.C.S.; Phillips Petroleum Co. v. Booles et ux. (Tex.Com. App.) 276 S.W. 667.

The defendant next complains of the action of the trial court in permitting the plaintiff to file a trial amendment and thereafter refusing the defendant a continuance. The defendant filed in the trial court his objections to the trial amendment, which were overruled by the court, and an exception was reserved in the record. The plaintiff alleged in the original application for garnishment substantially the same facts as were alleged in the trial amendment. The only distinction is that the trial amendment went a little more into detail as to the method and manner by which the plaintiff came into ownership of the judgment. The defendant alleges in his brief that the amendment was occasioned by a variance in the evidence from the allegations in the original application in regard to the method by which the plaintiff acquired ownership. If the plaintiff owned the judgment at the time of the trial, we think the method by which it acquired the ownership is immaterial, and, at the most, is merely evidentiary. Since this alleged error involves a matter of evidence, we cannot determine its effect in the case in the absence of a statement of facts. We recognize the rule that defects in an application for garnishment cannot be amended upon the trial of the case. Citizens' Nat. Bank of Godley v. Pollard (Tex.Civ. App.) 31 S.W.2d 508. But in this case we see no defects in the original application. It appears regular on its face and alleges ownership of the judgment. The purported amendment also alleges ownership of the judgment but differs somewhat from the original application as to the method of transfer of the judgment. If such amendment was permitted in order that plaintiff might introduce certain testimony, in the absence of a statement of facts, we cannot determine whether or not such evidence, whatever it was, would have been admissible under the original application, and, if not, whether or not its absence would have defeated plaintiff's ownership of the judgment. If the plaintiff owned the judgment, we think the method by which it acquired it was an unnecessary allegation in the application and was mere surplusage. In the state of this record, it is our opinion that, if there was any vice in the alleged error, the defendant has failed to present the same to this court. Since the defendant and the garnishee were discharged from the garnishment by the judgment rendered, if there had been any error in connection with the amendment, we fail to see its harmful effect upon the defendant. In the state of the record it is equally impossible for us to determine whether the court abused his discretion in refusing the defendant a continuance after the filing of the trial amendment, since such request was based solely upon said amendment. We overrule this assignment. Article 4078, R.C.S.; 20 Tex. Jur. 757, 767, 768, 769; Adkins v. Watson et al., 12 Tex. 199; Phenix Ins. Co. of Brooklyn v. Willis et al., 70 Tex. 12, 6 S.W. 825, 8 Am.St.Rep. 566; Kelsey v. Lietz et al. (Tex.Civ.App.) 38 S.W.2d 108; Sanders v. Farmers' State Bank of Mexia et al. (Tex.Civ.App.) 228 S.W. 635; Richardson v. Corley (Tex.Civ.App.) 86 S.W.2d 1091; Wise & Jackson et al. v. Nott (Tex. Civ.App.) 283 S.W. 1110; Margerum v. Sopher et al. (Tex.Civ.App.) 46 S.W.2d 457; Parrish v. Parrish et al. (Tex.Civ. App.) 280 S.W. 901; L. T. Wright & Co. v. Smith (Tex.Civ.App.) 13 S.W.2d 953; Camden Fire Ins. Ass'n et al. v. First Nat. Bank of Waurika (Tex.Civ.App.) 84 S.W. 2d 889.

Defendant further complains of the dismissal from the garnishment of Myrtle

M. Russell, wife of the defendant, alleging that such dismissal was an amendment to the application for garnishment and therefore was error. The record shows that no service was had upon the wife of the defendant. The judgment recites that all parties except Mrs. Russell appeared at the opening of the trial, at which time the plaintiff made an oral motion to dismiss as to her, supplementing said motion later in the trial by a written motion for her dismissal. The judgment further recites that Myrtle M. Russell was dismissed from the case. There was no complaint made in the trial court as to her dismissal. The defendant made no motion for continuance and made no request that his wife be made a party in said cause. He did not assert in the trial court, and he does not contend in this court, that his wife was a necessary party in the garnishment suit. The defendant does not show that any harm has resulted to him by such dismissal, and we fail to see any. Certainly, the court could not litigate any issues as to Mrs. Russell when she was not before the court. He either had to dismiss her from the suit or grant a continuance until she might be served with citation. Since no request appears to have been made to make her a party, we think the defendant has waived any rights he had in that regard. At least, he cannot complain in this court about a matter about which he did not complain in the trial court, especially when he had a remedy in the trial court to make his wife a party or preserve an exception if his request had been refused in the event she was a necessary party. We overrule this assignment. Article 2087, R.C.S.; Sunshine Oil Corporation et al. v. Dooley et al. (Tex.Civ. App.) 238 S.W. 357; 15 Tex.Jur. 256-258, par. 17; 32 Tex.Jur. 115, par. 77.

■ The next assignment is based on the contention that the plaintiff failed by the evidence and the verdict of the jury to establish the fact that an instrument offered in evidence was a genuine copy of the contract pleaded by the plaintiff as the basis of its ownership of the judgment involved. The defendant, in his statement under this proposition, does not call our attention to any objection made by him in the trial court in regard to this matter. There is no statement of facts supporting his contention. Since this question involves an evidentiary matter, we cannot consider it in the absence of a statement of facts. Inasmuch as the defendant prevailed in the

trial court in his defense to the garnishment suit proper, if there was any error in this regard we think the same is harmless. We overrule this assignment.

■ The defendant assigns as error the court's refusal to quash the writ of garnishment because the verification of the application was made by an attorney of record in an affidavit following the application and not in the application proper. Under the old article 273 the defendant's contention might have had some merit. Under the present statute (article 4078) such an affidavit is not required to be a part of the application but may be made following the application if it verifies the application, and it may be made by the attorney for the applicant. We overrule this assignment. 20 Tex.Jur. 764, par. 51; Patton v. Crisp & White et al. (Tex.Civ.App.) 11 S.W.2d 826; Camden Fire Ins. Ass'n et al. v. First Nat. Bank of Waurika, supra.

■ The last assignment of the defendant is in regard to the court's overruling an objection of the defendant to the giving of special issue No. 2, which was as follows: "Do you find from the preponderance of the evidence that the contract of September 8, 1930, naming Wilson-Western Sporting Goods Co. and Lowe and Campbell Athletic Goods Co. as parties, if there be such contract, was executed by the officers, if they were officers, whose names are copied on the copy if it be a copy, of such contract admitted in evidence." Defendant's objection to this issue was based on his allegation that the issue was predicated upon two conditions, first, "if there was such a contract," and, second, "if they were officers." To say the least, we think such a proposition as presented to the trial court was very vague and indefinite, even though the court had heard all the evidence in the case. Without a statement of facts, it is certainly no more enlightening to us. In the absence of a statement of facts, we do not think we are required to pass on an assignment relative to the giving or refusing issues involving matters of evidence. We overrule this assignment. Day v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 297 S.W. 501; Cardinell v. First Nat. Bank of Houston (Tex.Civ.App.) 71 S.W.2d 317; Warman v. Warman (Tex.Civ.App.) 39 S.W.2d 104; Silvers et al. v. Welch, 127 Tex. 58, 91 S.W.2d 686; Missouri-Kansas-Texas R. Co. of Texas v. Cheek (Tex.Civ. App.) 18 S.W.2d 804; Universal Life Ins.

Co. v. Larremore et ux. (Tex.Civ.App.) 32 S.W.2d 964.

Finding no reversible error in the record, the judgment of the trial court is affirmed.