Southland Quality Homes, Inc., a defendant in an action pending in the Barbour Circuit Court, appeals from the trial court's order purporting to grant a motion to stay litigation and compel arbitration, but ordering the parties to submit to a nonjury trial. We reverse and remand.
The plaintiffs, James Williams and his wife Linda, purchased a mobile home from Southland Quality Homes, Inc. (hereinafter "Southland"), a mobile-home dealership, on August 8, 1996. At the time of the purchase, James and Linda Williams each executed two documents. One of the documents is labeled "RETAIL INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY AND AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE," and the other is styled "ARBITRATION AGREEMENT."
The "Retail Installment Contract" includes a page with the heading "ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL." The provision at issue in this case is a paragraph from that page containing the following language:
 "a. Dispute Resolution. Any controversy or claim between or among you and I [sic] or our assignees arising out of or relating to this contract or any agreements or instruments relating to or delivered in connection with this contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, *Page 952 
BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE."
(capitalization original; other emphasis added.)
The subsequent paragraph in the "Retail Installment Contract" states that any arbitration shall be conducted according to the Commercial Rules of the American Arbitration Association ("AAA"). The next paragraph explains how any dispute not covered by the arbitration clause shall be resolved by a court-appointed referee, or by a bench trial.
Both James and Linda Williams signed their names on the proper spaces provided on the agreement, under this statement, which appeared in bold print and capitalized letters: "CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT." An agent of Southland signed on its behalf.
The Williamses sued Southland; Southern Energy Homes, Inc.;[1]
BankAmerica Housing Services;[2] and various fictitiously named parties, alleging that the mobile home they purchased was defective. They specifically alleged that the defendants had breached the warranties of merchantability, fitness for a particular purpose, and habitability, as well as an express warranty; that they had committed fraud by misrepresenting the condition of the mobile home; that they had negligently or wantonly misrepresented the condition of the mobile home; and that they had negligently or wantonly misrepresented that they would repair claimed defects in the mobile home.
We first address the appropriate method for securing review of the order Southland complains of. This Court will entertain an appeal, as a matter of right, from an order denying a motion to compel arbitration.A.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990). However, we review an order compelling arbitration by a petition for a writ of mandamus. Lopez v. Home Buyers Warranty Corp., 670 So.2d 35
(Ala. 1995). See Jack Ingram Motors, Inc. v. Ward, 768 So.2d 362
(Ala. 1999) (discussing at length the dichotomous methods of review in arbitration matters and "ask[ing] our Standing Committee on the Alabama Rules of Appellate Procedure to draft and propose for our adoption procedures for appellate review of orders either compelling or denying arbitration," 768 So.2d at 366). Although the order Southland complains of purports to grant Southland's motion to stay the litigation and to compel arbitration, it in fact orders the parties to submit to a bench trial. This order thus effectively and substantively denies Southland's motion to compel arbitration and imposes upon Southland another means of dispute resolution. In a situation such as this, this Court looks to the substance of a motion or order, rather than its form. See King Mines Resort, Inc. v. Malachi Mining Minerals, Inc.,518 So.2d 714, 718 (Ala. 1987). Therefore, we conclude that Southland was entitled to an appeal as a matter of right.
The sole substantive issue before us is whether the trial court erred by denying Southland's motion to compel arbitration and ordering the parties to submit to a bench trial. This Court reviews de novo a trial court's order denying a motion to compel arbitration. Kenworth ofDothan, Inc. v. Bruner-Wells Trucking, Inc., 745 So.2d 271, 273 (Ala. 1999); *Page 953 Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1172 (Ala. 1999).
Southland and the Williamses agree that a contract that substantially affects interstate commerce and that contains provisions for arbitration of disputes is subject to the Federal Arbitration Act ("FAA"),9 U.S.C. § 1 et seq., and they agree that the contract at issue here is such a contract. See, also, Allied-Bruce Terminix Cos. v. Dobson,684 So.2d 102, 105 (Ala. 1995). Because the interstate nature of the transaction to which the contract relates is not challenged, we must apply the FAA. We must determine whether the trial court erred in construing the arbitration agreement to require a bench trial as the method of dispute resolution. In Southern Energy Homes, Inc. v. Harcus,754 So.2d 622, 626 (Ala. 1999), this Court held:
 "In determining whether the parties agreed to arbitrate a dispute, this Court applies general Alabama contract-law principles. See Quality Truck Auto Sales, Inc. v. Yassine, 730 So.2d 1164, 1167-68
(Ala. 1999) (`This Court is required to compel arbitration if, under "ordinary state-law principles that govern the formation of contracts," the contract containing the arbitration clause is enforceable.') (quoting [Crown Pontiac, Inc. v. McCarrell, 695 So.2d 615, 617 (Ala. 1997)]. The FAA requires this Court, in applying Alabama contract law to questions of arbitrability, to resolve `any doubts concerning the scope of arbitrable issues . . . in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)."
We therefore look to principles of Alabama contract law to guide our determination. If a contract is unambiguous on its face, there is no room for construction and it must be enforced as written. See ThompsonTractor Co. v. Fair Contracting Co., 757 So.2d 396, 398 (Ala. 2000); Exparte Hagan, 721 So.2d 167, 173 (Ala. 1998). A court may not twist the plain meaning of the terms in a contract to create an ambiguity under the guise of interpretation. See Dutton, 736 So.2d at 570. The primary source for deciding whether a contract is clear is the text of the document itself. "It is well established in Alabama that when an instrument is unambiguous its construction and legal effect will be based upon what is found within its four corners. The determination of whether an instrument is ambiguous is a question of law for the court to decide."Austin v. Cox, 523 So.2d 376, 379 (Ala. 1988). Even if some ambiguity does exist in a contract, a court has the duty to accept a construction that will uphold the contract, rather than one that will make it invalid. See Wilson v. World Omni Leasing, Inc., 540 So.2d 713, 716 (Ala. 1989). Furthermore, when interpreting arbitration agreements, this Court is bound to resolve any ambiguity in favor of arbitration. See Kenworth ofDothan, Inc., 745 So.2d at 274. Courts are guided by the intent of the parties, which, absent some exceptional circumstance, is evidenced by the plain language of the document itself. See Dobson, 684 So.2d at 110.
In examining the text of the arbitration provision, we find no room for ambiguity. On its face, the document makes it clear that arbitration is the sole means of dispute resolution for "claimants who are related or asserting claims arising from a single transaction." James and Linda Williams are husband and wife; thus, they meet the "related" requirement. The contract also provides for a disjunctive choice. Because the sale of the mobile home, a single transaction, is the source of all the Williamses' claims, the agreement would bind them to arbitration even if they were *Page 954 
not related. The trial court's order requiring a bench trial is a third alternative, but that alternative is to be employed only if arbitration is not required and a judicially appointed referee is not available. The language of the arbitration agreement precisely contemplates the present situation: multiple claimants who are related and who have claims arising from the sale of the mobile home. Because we find no ambiguity in the agreement, we conclude that the trial court erred by not enforcing it as it is written.[3]
We reverse the order denying arbitration and remand the case with instructions to compel arbitration as called for in the language of the contract between the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Cook, and Johnstone, JJ., concur.
[1] Southern Energy Homes, Inc., is apparently still a defendant in the action, although it is not a party to this appeal.
[2] The trial court dismissed BankAmerica as a defendant.
[3] Because we find the unambiguous requirement to arbitrate detailed in the Retail Installment Contract dispositive, we need not reach Southland's argument as to whether the separately executed additional arbitration agreement is valid.