Central Reserve Life Insurance Company appeals the order by the trial court denying its motion to compel Joyce Fox to arbitrate her claims against Central Reserve. We reverse and remand.
On November 11, 1999, Joyce Fox applied for a health insurance policy with Central Reserve. The application signed by Fox contains the following provision:
"C. By signing below, I acknowledge that:
". . . .
 "(iii) Any disputes arising under the Policy are subject to an appeals procedure, including arbitration, which may be binding, depending on state law."
On December 1, 1999, Central Reserve issued and delivered a health insurance policy to Fox. The policy includes an "Alabama Coverage Rider," which provides, in pertinent part:
"ADMINISTRATIVE REMEDIES
 "ANY CONTROVERSY ARISING OUT OF OR RELATING TO THE POLICY, SUCH AS DISPUTES ABOUT THE DENIAL OF A CLAIM, ARE SUBJECT TO CERTAIN ADMINISTRATIVE PROCEDURES THAT MUST BE EXHAUSTED BY THE INSURED PERSON (INSURED) PRIOR TO THE INSURED PURSUING ANY OTHER REMEDY THAT MAY BE AVAILABLE. THESE REQUIRED ADMINISTRATIVE REMEDIES ARE (1) APPEAL OF DECISION; AND (2) BINDING ARBITRATION.
"1. APPEAL OF DECISION
"APPEAL — TECHNICAL MANAGER (TM)
 "A. IF CRL [(Central Reserve Life)] MAKES A DECISION WHICH THE INSURED WISHES TO APPEAL, A WRITTEN REQUEST MUST BE SENT WITHIN SIXTY (60) DAYS OF THE DATE OF CRL'S WRITTEN NOTICE TO THE INSURED TO: *Page 1126 
"APPEAL — TECHNICAL MANAGER
"CENTRAL RESERVE LIFE INSURANCE COMPANY
"17800 ROYALTON ROAD
"STRONGSVILLE, OHIO 44136-5197
". . . .
"2. ARBITRATION
 "AFTER EXHAUSTION OF THE APPEAL OF DECISION PROCEDURES, ANY DISPUTE ARISING OUT OF OR RELATED TO THE POLICY THAT REMAINS SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH APPLICABLE FEDERAL OR STATE LAWS AND THE INSURANCE DISPUTE RESOLUTION PROCEDURES, AS AMENDED, AND ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION, AND JUDGMENT ON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.
 "ALL ARBITRATION PROCEEDINGS WILL BE CONDUCTED IN THE COUNTY OF RESIDENCE OF THE INSURED UNLESS ANOTHER LOCATION IS MUTUALLY AGREED UPON BY BOTH PARTIES.
 "CRL WILL PAY THE COSTS OF ARBITRATION SUCH AS THE FEES ASSESSED BY THE AMERICAN ARBITRATION ASSOCIATION AND ANY FEES PAID TO THE ARBITRATOR. ALL COSTS FOR REPRESENTATION OF THE INSURED, SUCH AS ATTORNEYS' FEES, WILL BE THE SOLE RESPONSIBILITY OF THE INSURED."
On July 3, 2001, Fox sued Central Reserve for breach of contract and for negligent hiring, training, and monitoring of its employees. She alleged that Central Reserve wrongfully refused to pay hospital and doctor expenses she incurred during her hospitalization from December 10, 1999 through December 14, 1999. On August 23, 2001, Central Reserve moved to compel Fox to comply with her insurance policy by submitting her claims to arbitration. In support of this motion, Central Reserve submitted evidentiary material.
On December 4, 2001, Fox opposed the motion to compel arbitration and submitted evidentiary materials. She claimed that Central Reserve had not shown that the contract substantially affected interstate commerce. She further claimed that Central Reserve had not complied with the condition precedent of sending her written notice of the decision to deny her claim. In response to Fox's opposition, Central Reserve filed an affidavit by Peggy St. Clair, a "Senior Claim Technician for Central Reserve." St. Clair stated that Central Reserve was a corporation organized under the laws of the State of Ohio. She stated that Central Reserve "ha[d] its principal place of business in the State of Ohio." St. Clair stated that the monthly premium for Fox's policy was automatically deducted from Fox's Alabama bank account and was transferred to the Ohio bank account of Central Reserve. She stated that Fox and her husband had on occasion called the Ohio offices of Central Reserve to inquire about the status of various claims. St. Clair stated that Central Reserve had mailed "numerous different materials to Mrs. Fox at her address in Alabama, including the insurance certificate, riders to the certificate, correspondence, and Explanations of Benefits, or `EOB's.'" St. Clair further stated:
 "Two different providers . . . submitted claims totaling $12,481.62 for services *Page 1127 
rendered to Mrs. Fox [from December 10 through December 14, 1999]. Pursuant to the provisions of Mrs. Fox's insurance certificate, CRL has paid a total of $6,165.07 in benefits on these claims.
 "5. CRL mailed an EOB to Mrs. Fox for each claim it processed, which showed, among other things, the total amount of the claim from the particular provider, the amount of benefits paid by CRL on the claim, the co-pay and deductible amounts, if any, and the balance for which Mrs. Fox would be responsible. Copies of the EOB's mailed relating the claims for benefits arising out of Mrs. Fox's treatment in December 10-14, 1999 are attached to this affidavit as Exhibits A-C. The attached EOB's were originally mailed to Mrs. Fox on November 11, 2000, June 2, 2001, and June 19, 2001.
". . . .
 ". . . [T]he insured is responsible for initiating any appeal by making a written request within 60 days of the date of CRL's written notice to the insured of the decision. Based on my review of CRL's records, CRL has no record of Mrs. Fox ever making such a request within 60 days of the date of any Explanation of Benefits . . . ."
After a hearing, the trial court summarily denied the motion to compel arbitration.
The denial of the motion to compel arbitration cannot be justified on the ground that the contract did not evidence a transaction that substantially affected interstate commerce in this case. The evidence submitted by Central Reserve establishes that the transaction did substantially affect interstate commerce. Mason v. Acceptance Loan Co.,850 So.2d 289 (Ala. 2002), and Southern United Fire Ins. Co. v. Knight,736 So.2d 582 (Ala. 1999). See also Citizens Bank v. Alafabco, Inc.,539 U.S. 52, 123 S.Ct. 2037 (2003). Therefore, the Federal Arbitration Act, 9 U.S.C. § 1 et seq., governs this case and preempts the Alabama statute, § 8-1-41(3), Ala. Code 1975, prohibiting specific enforcement of predispute arbitration agreements.
"'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT T Techs., Inc. v. Communications Workers of America,475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v.Warrior Gulf Navigation Co., 363 U.S. 574, 582 (1960)). Accord Exparte Cain, 838 So.2d 1020, 1026 (Ala. 2002), and Ex parte Lovejoy,790 So.2d 933, 937 (Ala. 2000). "`When deciding whether parties agreed to arbitrate a certain matter (including arbitrability) courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.'" Oakwood Mobile Homes, Inc. v. Barger,773 So.2d 454, 459 (Ala. 2000) (quoting First Options of Chicago, Inc.v. Kaplan, 514 U.S. 938, 944 (1995)).
"If a contract is unambiguous on its face, there is no room for construction and it must be enforced as written." Southland QualityHomes, Inc. v. Williams, 781 So.2d 949, 953 (Ala. 2000). "`Whether a provision in a contract is a condition precedent depends, not upon formal words, but upon the intent of the parties, to be deduced from the whole instrument.'" Bank of Brewton, Inc. v. International Fid. Ins. Co.,827 So.2d 747, 752 (Ala. 2002) (quoting Fidelity Cas. Co. of New Yorkv. DeLoach, 280 Ala. 497, 502, 195 So.2d 789, 793 (1967)). "Ordinarily, `failure to comply with conditions precedent . . . prevents an action by the defaulting party to enforce the contract.'" *Page 1128 UNUM Life Ins. Co. of America v. Ward, 526 U.S. 358, 369 (1999) (quoting 14 Cal. Jur.3d, Contracts § 245, p. 542 (3d ed. 1974)).
The dispositive issue on appeal is whether the "Alabama Coverage Rider" imposes a condition precedent on the right of Central Reserve to arbitrate and whether a failure by Central Reserve to satisfy the alleged condition precedent renders the arbitration agreement unenforceable. Fox relies on the language in the rider which reads, in pertinent part:
 "A. IF CRL [Central Reserve Life] MAKES A DECISION WHICH THE INSURED WISHES TO APPEAL, A WRITTEN REQUEST MUST BE SENT WITHIN SIXTY (60) DAYS OF THE DATE OF CRL'S WRITTEN NOTICE TO THE INSURED TO . . . ."
This language is not a condition precedent on the right to arbitrate but is, rather, a statement of a deadline for Fox's right and requirement to appeal a decision by Central Reserve. The Explanations of Benefits ("EOBs") mailed to Fox by Central Reserve reveal on their faces that and why Central Reserve did or did not pay certain fees and expenses incurred by Fox. The EOBs constituted "decision[s]" by Central Reserve which Fox could have appealed. While Central Reserve does have another form different from an EOB for notifying an insured of a decision on a claim, this other form is designed only for a total denial of the claim. This different form does not eliminate the status of an EOB as notice of a decision denying a claim in whole or in part.
The "Alabama Coverage Rider" expressly imposes on the insured's right "to pursu[e] any other remedy that may be available" the conditions precedent that the insured appeal the decision and then, if not satisfied, arbitrate the dispute. While the absence of a written notice of a decision would forestall the running of the insured's 60 days for requesting the appeal and would thereby spare the insured the stricture of that deadline, the absence of a written notice of a decision would not eliminate either the appeal or the arbitration as a condition precedent to the insured's right to "pursu[e] any other remedy that may be available."
Regardless of whether Fox has missed her deadline for appeal, she has not satisfied either condition precedent to her "pursuing any other remedy that may be available." However, by moving and insisting that Fox's claim be arbitrated, Central Reserve has waived the condition precedent that she appeal. See Shears v. All States Life Ins. Co.,242 Ala. 249, 257, 5 So.2d 808, 815-16 (1942).
Accordingly, we hold that the arbitration agreement in the "Alabama Coverage Rider" is enforceable against Fox. Consequently, we hold that the trial court erred in denying the motion of Central Reserve to compel arbitration. Therefore, we reverse the order by the trial court, and we remand the cause for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents. *Page 1129