On Application for Rehearing
The opinion issued on August 25, 2006, is withdrawn, and the following opinion is substituted therefor.
Certain defendants in an action pending in the Randolph Circuit Court petition this Court for a writ of mandamus directing the circuit court to enforce a forum-selection clause and grant their motion to dismiss. We deny the petition.
Cintas Corporation No. 2 ("Cintas") rents and sells uniforms throughout the United States. Terry Manufacturing Company, Inc. ("Terry Mfg."), was a minority-owned business in Randolph County that manufactured uniforms. In 2000, Cintas and Terry Mfg. formed a joint venture to provide uniforms nationwide through a new company, Terry Uniform Company, LLC ("Terry Uniform"), organized under the laws of the State of Delaware. The Cintas-Terry Mfg. joint venture was established by a series of transactional documents (hereinafter referred to collectively as "the contract").
The contract contained what is commonly referred to as an "outbound" forum-selection clause; that clause is at the center of this dispute. The forum-selection clause provided:
 "[Terry Mfg., Terry Uniform,] and Cintas hereby designate all courts of record sitting in Wilmington, Delaware, both state and federal, as forums where any action, suit or proceeding in respect of or arising out of the [contract] or the transactions contemplated thereby shall be prosecuted as to all parties, their successors and assigns, and by the foregoing designations [Terry Mfg.], Cintas and [Terry Uniform] consent to the jurisdiction and venue of such courts. [TERRY MFG.], CINTAS AND [TERRY UNIFORM] WAIVE ANY AND ALL PERSONAL RIGHTS UNDER THE LAWS OF ANY OTHER STATE TO OBJECT TO JURISDICTION WITHIN THE STATE OF DELAWARE FOR THE PURPOSES OF LITIGATION TO ENFORCE SUCH OBLIGATIONS. In the event such litigation is commenced, [Terry Mfg.], Cintas and [Terry Uniform] agree that service of process may be made and personal jurisdiction over [Terry Mfg.], Cintas and [Terry Uniform] obtained by service of a copy of the summons, complaint and other pleadings required to commence such litigation in any manner allowable under applicable laws."
(Capitalization in original.)
According to the parties, the "parent" entity of Cintas is Cintas Corporation ("Cintas parent"). Scott Farmer and David Jeanmougin, officers of both Cintas and Cintas parent, and Paul Carmichael, an employee of Cintas parent, as well as Roy Terry, Rudolph Terry, and Cotina Terry, officers of Terry Mfg., served on the management committee of Terry Uniform *Page 332 
Farmer, Jeanmougin, and Roger Reed, an officer of Cintas parent, as well as Roy Terry and Rudolph Terry, served on the management committee of SCT Sourcing Company, LLC, another company formed as part of the Cintas-Terry Mfg. joint venture. Sidney Johnson was the bookkeeper for Terry Mfg.
In 2003, Terry Mfg. and Terry Uniform filed for bankruptcy protection. J. Lester Alexander III was appointed bankruptcy trustee for both companies. On October 25, 2004, Alexander, as bankruptcy trustee of both companies, sued Cintas, Cintas parent, Farmer, Jeanmougin, Carmichael, Reed, Roy Terry, Rudolph Terry, Cotina Terry, and Johnson in the Randolph Circuit Court. The lengthy complaint included claims alleging breach of contract, breach of fiduciary duty, and misrepresentation.
Cintas, a party to the contract, and Cintas parent, Farmer, Jeanmougin, Reed, and Carmichael, all nonsignatories to the contract, jointly moved to dismiss the bankruptcy trustee's action on the basis that venue in the Randolph Circuit Court was improper, citing the forum-selection clause in the contract. On October 12, 2005, the trial court denied the motion. On November 23, 2005, Cintas, Cintas parent, Farmer, Jeanmougin, Reed, and Carmichael petitioned this Court for a writ of mandamus directing the trial court to dismiss the case without prejudice so that it can be refiled in Delaware.
"An outbound forum-selection clause — a clause by which parties specifically agree to trial outside the State of Alabama in the event of a dispute — implicates the venue of a court rather than its jurisdiction. See Ex parte CTB,Inc., 782 So.2d 188 (Ala. 2000); and O'Brien Eng'g Co.v. Continental Machs., Inc., 738 So.2d 844, 845 n. 1 (Ala. 1999).
 "`"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte National Security Ins. Co., 727 So.2d 788, 789
(Ala. 1998). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).'
 "Ex parte CTB, Inc., 782 So.2d at 190."
Ex parte Rymer, 860 So.2d 339, 341 (Ala. 2003).
Because the motion to dismiss was filed jointly by a party to the contract and five nonsignatories to the contract, and because the petition filed by those movants seeks a writ of mandamus directing the trial court to dismiss theentire case without prejudice to its re-filing in Delaware, we first address the issue whether the nonsignatories are entitled to enforce the forum-selection clause. If they are not entitled to enforce the clause, the petitioners are not entitled to the relief they seek, and this Court need not address any other issue.
This Court has "note[d] an analogy between this Court's enforcement of arbitration clauses as to nonsignatories to a contract and the enforcement of [a] forum-selection clause."Ex parte Procom Servs., Inc., 884 So.2d 827, 834
(Ala. 2003). The nonsignatories argue that they are entitled to enforce the forum-selection clause under the doctrine of "equitable estoppel" or "intertwining," a doctrine which has been well developed in this Court's arbitration cases. See,e.g., Fountain v. Ingram, 926 So.2d 333 (Ala. 2005). *Page 333 
They also argue that "[b]ecause agents stand in the shoes of their principals, this Court has applied the law of agency to allow nonsignatories to enforce arbitration clauses, even where the clauses are expressly limited to the signatories." Application for rehearing, at 2. See, e.g., Stevens v.Phillips, 852 So.2d 123 (Ala. 2002). However, the nonsignatories' effort to enforce the forum-selection clause faces an impregnable barrier, namely, an unambiguous clause in the contract that denies them such right or remedy.
"`If a contract is unambiguous on its face, there is no room for construction and it must be enforced as written.'Southland Quality Homes, Inc. v. Williams,781 So.2d 949, 953 (Ala. 2000)." Central Reserve Life Ins. Co. v.Fox, 869 So.2d 1124, 1127 (Ala. 2003). "Where . . . contracting parties expressly provide that a third party shall have no legally enforceable rights in their agreement, a court must effectuate the expressed intent by denying the third party any direct remedy." Federal Mogul Corp. v. Universal Constr.Co., 376 So.2d 716, 724 (Ala.Civ.App. 1979).
In this case, the parties to the contract were Cintas, Terry Mfg., and Terry Uniform. The contract provided:
 "Nothing in this Agreement is intended or shall be construed to give any person (including, but not limited to, the employees of any of the parties to this Agreement), other than the parties hereto, their successors and permitted assigns, any legal or equitable right, remedy or claim under or in respect of this Agreement or any provision contained herein."
This clause unambiguously denies the nonsignatories any right or remedy, and, consequently, the nonsignatories are not entitled to enforce the forum-selection clause. The nonsignatories refer to this clause as a "no third-party beneficiary clause." Application for rehearing, at 8 n. 2. They then argue that they are entitled to enforce the forum-selection clause, not as third-party beneficiaries, but as agents
of Cintas. However, their argument must fail, given the contract's explicit denial of any right or remedy to any of "theemployees of any of the parties to this Agreement." (Emphasis added.) The nonsignatories never address this specific language, and they offer no reason why such a clause should not be enforced. For these reasons, the petitioners are not entitled to the relief they seek, and their petition is denied.
OPINION OF AUGUST 25, 2006, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; PETITION DENIED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.