WOODALL, Justice.
On June 3, 2008, Prasad Vankineni sued Santa Rosa Beach Development Corporation II (“Santa Rosa”) in the Madison Circuit Court. On March 17, 2009, the trial court dismissed the case based upon an outbound forum-selection clause in a contract between Vankineni and Santa Rosa. Vankineni timely appealed to this Court. We reverse and rémand.
Santa Rosa is the developer of a condominium community in Santa Rosa County, Florida. On January 5, 2005, Vankineni entered into a written contract to purchase a condominium unit in that community from Santa Rosa. The purchase contract provided, in pertinent part: “This contract shall be construed, applied, and enforced in accordance with the laws of the State of Florida. Any action to enforce a provision of this agreement shall be in the appropriate court located in Santa Rosa County, Florida.” (Emphasis added.)
Vankineni’s complaint contained three counts. The first count alleged that Santa Rosa had violated the Alabama Securities Act, § 8-6-1 et seq., Ala.Code 1975 (“the Act”). For the alleged violations of the Act, Vankineni sought to recover the consideration he had paid to Santa Rosa, plus interest, attorney fees, and. court costs. *762 The second count sought the rescission of the purchase contract, thereby requiring Santa Rosa to return the consideration paid by Vankineni.[1] Similarly, the third count sought a declaratory judgment “[fjinding the contract is invalid and unenforceable” and “[requiring Santa Rosa ... to return to ... Vankineni all consideration flowing to [it] by virtue of the [purchase] contract.”[2]
On December 12, 2008, Santa Rosa filed a motion to dismiss Vankineni’s complaint, based, in pertinent part, upon the outbound forum-selection clause in the purchase contract. Santa Rosa argued that the “case [was] due to be dismissed for improper venue because the parties agreed that any dispute arising out of the contract [would] be brought in the appropriate court located in Santa Rosa County, Florida.” In response, Vankineni argued, in relevant part, that the forum-selection clause did not apply because, according to him, he had not brought “an action to enforce” the purchase contract. The trial court granted Santa Rosa’s motion, and Vankineni appealed.
We must determine whether the trial court exceeded its discretion in enforcing the forum-selection clause. “[T]he review of a trial court’s ruling on the question of enforcing a forum-selection clause is for an abuse of discretion.” Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001).
The trial court stated in its order dismissing Vankineni’s action that it was enforcing the outbound forum-selection clause because it had concluded that Vank-ineni had “not met his burden of showing that enforcement of the clause would be unfair, unreasonable or seriously inconvenient.” It is true that this Court has “adopt[ed] the majority rule that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances.” Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala.1997). However, the disposi-tive issue in this case is not whether the enforcement of the outbound forum-selection clause would be unfair, unreasonable, or seriously inconvenient; instead, the dis-positive issue is whether Vankineni’s action falls within the scope of the clause.
The outbound forum-selection clause in the purchase contract applies to “[a]ny action to enforce a provision” of the contract. (Emphasis added.) This contractual language is “plain and free from ambiguity”; therefore, “there is no room for construction, and it is the duty of the court to enforce it as written.” Kinnon v. Universal Underwriters Ins. Co., 418 So.2d 887, 888 (Ala.1982); see also Ex parte Cintas Corp., 958 So.2d 330, 333 (Ala.2006). “ ‘A court may not make a new contract for the parties or rewrite their contract under the guise of construing it.’ ” Turner v. West Ridge Apartments, Inc., 893 So.2d 332, 335 (Ala.2004) (quoting Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 35-36 (Ala.1998)).
The word “enforce” means “[t]o give force or effect to [or] to compel obedience to.” Black’s Law Dictionary 569 (8th *763 ed. 2004). Thus, the enforcement of a contract is the opposite of the rescission of a contract, because “[t]he effect of rescission is to extinguish the contract.”, Clark v. Wilson, 380 So.2d 810, 812 (Ala.1980).
Vankineni argues that his action does not fall within the scope of the outbound forum-selection clause, because, he says, he “does not seek enforcement of the contract, or any provision thereof.” Vankine-ni’s brief, at 33. We agree. Vankineni’s claim under the Act seeks the “return [of] the consideration paid by him” and does not seek compensatory damages for any alleged breach of the contract. His other counts seek the rescission of the contract and a declaratory judgment “[finding that the contract is invalid and unenforceable.” (Emphasis added.) None of these claims involves the enforcement of any provision of the purchase contract.
Santa Rosa argues “that the forum-selection clause encompasses all of [Vankine-ni’s] claims.” Santa Rosa’s brief, at 12. However, it does not explain how Vankine-ni may be considered to be seeking to enforce any provision of the purchase contract. Instead, Santa Rosa argues that “[t]he purchase agreement and its interpretation [are] central to each of the actions raised by [Vankineni and that] each of [his] claims flows from the existence of the contract.” Santa Rosa’s brief, at 13. However, in order to accept Santa Rosa’s arguments, we would have to rewrite the forum-selection clause, under the guise of construing it, to extend its scope to actions arising under or relating to the purchase contract or the relationships created by it, and this we may not do.
For these reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., . concur.
COBB, C.J., dissents.

. The rescission claim was based upon Vanki-neni’s allegation that Santa Rosa had misled him “regarding the nature of the interest in the unit he was contracting to purchase, as well as the date on which said interest would be delivered.” It was not based upon any alleged contractual right of rescission.

. Vankineni named Renasant Bank as a necessary party to his request for a declaratory judgment. Renasant Bank's involvement in financing Vankineni's purchase of the condominium unit is not relevant to any issue presented by this appeal, and it has not filed a brief.