ACCEPTED
03-15-00077-CV
5096192
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/30/2015 10:35:01 AM
JEFFREY D. KYLE
CLERK

## No. 03-15-00077-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/30/2015 10:35:01 AM
JEFFREY D. KYLE
Clerk

GREGORY JOE WICKLINE,
*Appellant*,

**V.**

BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES, ACTING FOR AND ON BEHALF OF OKLAHOMA STATE UNIVERSITY; AND JAMES MICHAEL HOLDER, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS VICE PRESIDENT FOR ATHLETIC PROGRAMS AND DIRECTOR OF INTERCOLLEGIATE ATHLETICS FOR OKLAHOMA STATE UNIVERSITY,
*Appellees*.

Appeal from the 98th District Court of Travis County, Texas,
Trial Court Case No. D-1-GN-14-004391

# REPLY BRIEF OF APPELLANT

**BECK REDDEN LLP**
Karson K. Thompson
State Bar No. 24083966
kthompson@beckredden.com
Christopher Cowan
State Bar No. 24084975
ccowan@beckredden.com
515 Congress Avenue, Suite 1900
Austin, TX 78701
(512) 708-1000
(512) 708-1002 (Fax)

**BECK REDDEN LLP**
David J. Beck
State Bar No. 00000070
dbeck@beckredden.com
1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

COUNSEL FOR APPELLANT, GREGORY JOE WICKLINE

# TABLE OF CONTENTS

**PAGE**

**TABLE OF CONTENTS**................................................................................................i

**INDEX OF AUTHORITIES** ........................................................................................ ii

**INTRODUCTION** .......................................................................................................1

**ARGUMENT IN REPLY** ............................................................................................2

    I.     THE FORUM-SELECTION CLAUSE IS LIMITED IN SCOPE TO BREACH-OF-CONTRACT ACTIONS. ......................................................................2

    II.    COACH WICKLINE'S DECLARATORY ACTION DOES NOT SEEK "TO ENFORCE" THE OSU CONTRACT. .....................................................................5

    III.   COACH WICKLINE'S TORT CLAIM DOES NOT SEEK "TO ENFORCE" THE OSU CONTRACT. ...........................................................................7

**CONCLUSION & PRAYER** ......................................................................................12

**CERTIFICATE OF SERVICE**....................................................................................13

**CERTIFICATE OF COMPLIANCE**.............................................................................14

# INDEX OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*Aerus LLC v. Pro Team, Inc.*,
  No. 3:04-CV-1985-M, 2005 U.S. Dist. LEXIS 8559
  (N.D. Tex. May 9, 2005) ............................................................... 10, 11

*Corcovado Music Corp. v. Hollis Music, Inc.*,
  981 F.2d 679 (2d Cir. 1993) ...............................................................11

*Daniels v. Dataworkforce, LP*,
  No. 14-cv-00822-KMT, 2014 WL 6657794 (D. Colo. Nov. 24, 2014) ................4

*Excentus Corp. v. Giant Eagle, Inc.*,
  No. 3:11-CV-3331-B, 2012 WL 2525594 (N.D. Tex. July 2, 2012)....................10

*In re AIU Ins. Co.*,
  148 S.W.3d 109 (Tex. 2004)..............................................................5, 6

*In re Counsel Fin. Servs.*,
  No. 13-12-00151-CV, 2013 WL 3895317
  (Tex. App.—Corpus Christi 2013, no pet.) (mem. op.) ........................................9

*In re Tyco Elecs. Power Sys.*,
  No. 05-04-018008-CV, 2005 WL 237232
  (Tex. App.—Dallas Feb. 2, 2005, orig. proceeding)..............................................5

*Penn, L.L.C. v. New Edge Network, Inc.*,
  No. 03 C 5496, 2003 WL 22284207 (N.D. Ill. Oct. 3, 2003) ................... 1, 10, 11

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007) ...............................................................11

*Sacra v. Hudson*,
  59 Tex. 207 (1883) ......................................................................6

*Terraspan, LLC v. Rave, LLC*,
  No. 3:12-CV-0816-K, 2012 U.S. Dist. LEXIS 174672
  (N.D. Tex. Dec. 10, 2012) ...............................................................10

*Vankineni v. Santa Rosa Beach Dev. Corp. II*,
   57 So.3d 760 (Ala. 2010) ............................................................... 2, 3, 9

*Yates v. Fleetwood Transp. Servs., Inc.*,
   No. 07-0960, 2007 WL 3146369 (W.D. La. Oct. 26, 2007) ...................................4

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 37.003 ..................................................................6

## INTRODUCTION

Wickline's opening brief demonstrated that this lawsuit was properly filed in Texas because Wickline's claims do not fall within the scope of the forum-selection clause in the OSU Contract. In response, the defendants mostly ignore the legal arguments and authorities raised by Wickline.

*First*, Wickline's proffered interpretation of the forum-selection clause is and has always been consistent with the law's treatment of enforcement actions: "A forum-selection clause directed at actions 'to enforce' the contract is narrowly tailored to encompass breach-of-contract actions, not unrelated tort claims or requests for declaratory relief." Appellant's Br. at 9.

*Second*, the defendants offer absolutely no response to Wickline's well-supported argument that "enforcement" style clauses are much different than "arising under" style clauses. *See* Appellant's Br. at 6–9, 11–12. The defendants continue to rely exclusively on cases employing this "arising under" logic, including the new case made the centerpiece of their brief. *See Penn, L.L.C. v. New Edge Network, Inc.*, No. 03 C 5496, 2003 WL 22284207, at *2 (N.D. Ill. Oct. 3, 2003) ("All disputes the resolution of which arguably depend upon the construction of an agreement 'arise out of' that agreement for purposes of a forum selection clause." (internal quotation marks omitted)).

*Third*, the defendants also refuse to acknowledge that contract *construction*

1

and contract *enforcement* are materially different as well. *See* Appellant's Br. at 14–18. The forum-selection clause is directed only at the latter, while Wickline's declaratory judgment claim seeks only the former.

**ARGUMENT IN REPLY**

I. **THE FORUM-SELECTION CLAUSE IS LIMITED IN SCOPE TO BREACH-OF-CONTRACT ACTIONS.**

As Wickline argued in his opening brief, "[a] forum-selection clause directed at actions 'to enforce' the contract is narrowly tailored to encompass breach-of-contract actions, not unrelated tort claims or requests for declaratory relief." Appellant's Br. at 9. This is a common-sense interpretation of the forum-selection clause, and is consistent with the dictionary definitions offered by the defendants. Wickline's interpretation is also supported by state and federal case law, none of which is persuasively distinguished or rebutted by the defendants.

First, notably absent from the defendants' brief is any mention of the *Vankineni* case, in which the Supreme Court of Alabama construed the scope of an identical forum-selection clause covering "[a]ny action to enforce a provision of" the parties' contract. *Vankineni v. Santa Rosa Beach Dev. Corp. II*, 57 So.3d 760, 763 (Ala. 2010).[1] The court held that claims seeking rescission of the contract, as well as a declaration that the contract was invalid and unenforceable, did *not* fall

---

[1] As Wickline previously explained, *Vankineni* should not be disregarded simply because it was decided under Alabama law. Alabama's contract interpretation principles mirror those of Texas. *See* Appellant's Br. at 8 n.3. The defendants did not challenge this assertion.

2

within the scope of that forum-selection clause. *Id.* Relying on the exact Black's Law Dictionary definition of "enforce" that the defendants here rely upon, the court explained that "[n]one of these claims involves the enforcement of any provision of the purchase contract." *Id.* at 762–63.

The defendant in *Vankineni*, Santa Rosa, made another argument the defendants here repeat: that "[t]he purchase agreement and its interpretation [are] central to each of the actions raised by [Vankineni and that] each of [his] claims flows from the existence of the contract." *Id.* at 763. The court rejected that argument, too, noting that "to accept Santa Rosa's arguments, we would have to rewrite the forum-selection clause, under the guise of construing it, to extend its scope to actions arising under or relating to the purchase contract." *Id.*

*Vankineni* is directly on point and logically sound. The defendants deal with *Vankineni* by simply ignoring it. Wickline urges this Court to follow that well-reasoned decision and reject the defendants' plea to have this Court rewrite the forum-selection clause in their favor.

Second, in attempting to distinguish the federal cases Wickline cited in his opening brief, the defendants miss the purpose and relevance of those authorities. Discussing *Daniels* and *Yates*, two federal cases involving FLSA claims, the defendants explain that "the plaintiffs in each case were attempting to 'enforce' rights derived by statute, not rights granted by the contract containing the forum-

3

selection clause." Appellee's Br. at 19 (citing *Daniels v. Dataworkforce, LP*, No. 14-cv-00822-KMT, 2014 WL 6657794, at \*2 (D. Colo. Nov. 24, 2014); *Yates v. Fleetwood Transp. Servs., Inc.*, No. 07-0960, 2007 WL 3146369, at \*4 (W.D. La. Oct. 26, 2007)). Wickline agrees—and that's the point. In this case, as in *Daniels* and *Yates*, Wickline is seeking to enforce a legal right to be free from interference in his business dealings. That right is granted by Texas law, *not* the OSU Contract. *Davis v. Lewis*, 487 S.W.2d 411, 414 (Tex. Civ. App.—Amarillo 1972, no writ) (recognizing the "general duty not to interfere with another's business relations" under Texas law). Because Wickline would have that right even if the OSU Contract never existed, he cannot, as a matter of law, be seeking "to enforce" any provision of the OSU Contract by suing for tortious interference.

Third, the defendants now argue for the first time that the legal definition of the word "action" broadens the scope of the forum-selection clause. As the Texas Supreme Court recently recognized, "[t]he term 'action' is generally synonymous with 'suit,' which is a demand of one's rights in court." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) (internal quotation marks omitted). This uncontroversial proclamation is not helpful to the defendants. It is the plaintiff who controls the scope of the action by filing the suit. Wickline could have sued to enforce the contract—by suing for its breach—but did not. The defendants do not cite a single authority defining the scope of an "action" in terms of the affirmative

4

defenses raised by the defendant. Moreover, the defendants do not cite a single case interpreting the term "action" as used in a contract, but nevertheless jump to the conclusion that the mere use of that word makes the forum-selection clause here "broad indeed." *See* Appellee's Br. at 18. In addition, to the extent the defendants' new arguments rely on this "action" language, those arguments still rest on the flawed conflation of "enforcement" style and "arising under" style forum-selection clauses.

## II. COACH WICKLINE'S DECLARATORY ACTION DOES NOT SEEK "TO ENFORCE" THE OSU CONTRACT.

Wickline's opening brief explained the difference between contract construction and contract enforcement, including case-based examples of how forum-selection clauses are usually drafted to capture each type of claim. *See* Appellant's Br. at 14–18. In this case, the OSU Contract's forum-selection clause is plainly drawn to encompass only enforcement actions, not construction actions. The cases the defendants chose to rely on before the trial court on this point, *AIU* and *Tyco Electronics*, turned out to be useful examples of this distinction, even though neither case interpreted the scope of a forum-selection clause. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 110 (Tex. 2004); *In re Tyco Elecs. Power Sys.*, No. 05-04-018008-CV, 2005 WL 237232, at *1 (Tex. App.—Dallas Feb. 2, 2005, orig. proceeding). The forum-selection clause in *AIU*, for example, specifically applied to disputes regarding "the meaning, interpretation, or operation" of any contract

term, thus capturing contract construction claims. 148 S.W.3d 109, 110 (Tex. 2004). Wickline's opening brief distinguished *AIU* and *Tyco* on these grounds. *See* Appellant's Br. at 17–18. In their brief, the defendants apparently abandon any reliance on those cases, relegating *AIU* to single, non-substantive citation in a footnote and omitting *Tyco* altogether.

Recognizing the weakness of the position argued to the trial court, the defendants offer another new argument on appeal: the Texas Declaratory Judgment Act's "plain language" shows Wickline's declaratory action is an attempt to enforce the OSU Contract. But the statute says nothing of the sort. Section 37.003 of the Texas Civil Practice and Remedies Code vests Texas courts with the power to render declaratory judgments. *See* Tex. Civ. Prac. & Rem. Code § 37.003 ("Power of Courts to Render Judgment; Form and Effect"). Subsection (b) states that a declaratory judgment "has the force and effect of a final judgment." *Id.* § 37.003(b). Although the words "force" and "effect" also appear in the dictionary definition of the phrase "enforce," nothing in Section 37.003(b) says that an action construing a contract term is an action to enforce that contract. A declaratory judgment *has the force and effect* of a final judgment. It is not a judgment "to enforce" a contract. *See* Appellant's Br. at 15–16 (citing *Sacra v. Hudson*, 59 Tex. 207, 208 (1883)).

6

Wickline seeks a declaratory judgment as to the meaning of the disputed phrase "Offensive Coordinator (with play calling duties)," because the defendants interpret that phrase to include qualifiers not present in the unambiguous text (e.g., "exclusive"). A judgment from the trial court in Wickline's favor on this claim will give the parties a legally enforceable construction of that term. It will not dismiss OSU's separate lawsuit, nor will it force any party to do anything under the OSU Contract. Because a judgment construing a contract term does not "enforce" that contract, Wickline's declaratory judgment action is not covered by the forum-selection clause.

### III. COACH WICKLINE'S TORT CLAIM DOES NOT SEEK "TO ENFORCE" THE OSU CONTRACT.

Wickline is not suing the defendants to enforce the OSU Contract; he is suing the defendants for their efforts to tortiously interfere with his employment contract with The University of Texas. The defendants offer two substantive arguments on appeal: first, they argue that Wickline's claim is a contract claim masquerading as a meritless tort claim; second, they argue their invocation of the affirmative defense of justification "necessarily involve[s] the OSU contract" and therefore makes this case an action to enforce it. *See* Appellee's Br. at 24. Neither argument withstands scrutiny.

As an initial matter, the defendants' first argument is largely an irrelevant attack on the merits of Wickline's tort claim. *See id.* at 22–23 (arguing the

defendants' conduct was not tortious); *id.* at 23 (arguing Wickline has suffered no harm). An appeal of a motion to dismiss based on a forum-selection clause is not the proper vehicle for litigating the merits of that claim. The trial court never considered the merits of Wickline's tort claim, and therefore the defendants' merits-based arguments are well outside the bounds of this appeal and should be disregarded.

To the limited extent the defendants argue Wickline's tort claim does not truly sound in tort, they are wrong. The defendants offer no response to Wickline's invocation of the *International Profit Associates* case. Instead, the defendants resort to characterizing Wickline's tort claim using phrases like "artful pleading," "baseless," "transparent attempt to avoid," and "attempts to disguise." *See* Appellee's Br. at 22–23. Unlike the claim asserted in *International Profit Associates*, where the consultant's liability arose "from the contractual relationship between the parties, not from general obligations imposed by law," Wickline's tort claim is based on conduct that would have been tortious even without a contract. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 678 (Tex. 2009).

The defendants also argue Wickline's tort claim is covered by the forum-selection clause because the claim, along with the defendants' justification defense, "necessarily involve[s] the OSU contract." *See* Appellee's Br. at 24. As the Court will recall, this is the exact argument rejected by the Alabama Supreme Court in

*Vankineni*, a case the defendants completely ignore. *See* 57 So.3d at 763 (rejecting the argument that "[t]he purchase agreement and its interpretation [are] central to each of the actions" and therefore within the scope of the forum-selection clause). The court in *Vankineni* properly rejected that argument because it impermissibly expanded the scope of the forum-selection clause from actions "to enforce" the contract to actions "arising under or relating to" the contract. *Id.*

The few cases the defendants do discuss do not help their argument. For example, the defendants argue that "multiple courts have held a contract's forum-selection clause is triggered if the scope of the clause covers lawsuits involving a defense found within the contract containing the clause." *See* Appellee's Br. at 24. The support for this statement is a footnote containing a string cite to one Texas court of appeals case and four federal district court cases, three from Dallas and one from Illinois. *Id.* at 24 n.83. The Texas case, *In re Counsel Financial Services*, was distinguished by Wickline in his opening brief on the basis that its holding was tied to an extremely expansive forum-selection clause, which "encompass[ed] *all claims*, including those that may only *relate to* the agreement." *See* Appellant's Br. at 11–12 (quoting *In re Counsel Fin. Servs.*, No. 13-12-00151-CV, 2013 WL 3895317, at *5 (Tex. App.—Corpus Christi 2013, no pet.) (mem. op.) (clause applied to "each action . . . *arising out of or otherwise relating to* this Agreement" (all emphasis added))). Wickline distinguished *Excentus Corp.* on the same

9

grounds, because the court's holding that the asserted claims "arose out of" the parties' contract was tied to the forum-selection clause's "any action arising out of this agreement" language. *See* Appellant's Br. at 12 (quoting *Excentus Corp. v. Giant Eagle, Inc.*, No. 3:11-CV-3331-B, 2012 WL 2525594, at *2 (N.D. Tex. July 2, 2012)). The defendants never responded to the distinguishing features of these cases, but instead simply piled on more cases employing the same inapplicable logic. *E.g.*, *Terraspan, LLC v. Rave, LLC*, No. 3:12-CV-0816-K, 2012 U.S. Dist. LEXIS 174672, at *3 (N.D. Tex. Dec. 10, 2012) (clause applied to "any action on a claim arising out of, under or in connection with this Agreement").

Only two cases cited by the defendants involve forum-selection clauses *without* the extremely broad "arising under" style language. *See Penn, L.L.C.*, 2003 WL 22284207, at *1 (clause applies to "any action or suit to enforce any right or remedy of this agreement"); *Aerus LLC v. Pro Team, Inc.*, No. 3:04-CV-1985-M, 2005 U.S. Dist. LEXIS 8559, at *7 (N.D. Tex. May 9, 2005) (clause applies "[i]n the event either Party asserts a breach or default by the other under the terms of this Agreement"). Both of those cases are rightly characterized as outliers because, despite the language of those contracts, both courts expressly invoked authorities interpreting "arising under" style clauses and wrongly applied their logic in reaching their decisions. *See Penn, L.L.C.*, 2003 WL 22284207, at *2 ("All disputes the resolution of which arguably depend upon the construction of an

10

agreement 'arise out of' that agreement for purposes of a forum selection clause." (internal quotation marks omitted)); *Aerus LLC*, 2005 U.S. Dist. LEXIS at \*22 ("Claims that arise out of the contractual relationship and implicate the agreement are subject to the forum selection clause." (internal quotation marks omitted)). That was judicial redrafting of the unambiguous plain text of those forum-selection clauses. It is not enough, as the *Penn, L.L.C.* court concluded, that a contractual defense "involves a right or remedy under the contract," and the court was only able to justify its holding by directly citing and relying exclusively upon cases interpreting broader, dissimilar forum-selection clauses. *See* 2003 WL 22284207, at \*2 (citing multiple cases interpreting "arising under" style clauses).

In a line of copyright cases, the Second Circuit has repeatedly rejected the indefensibly broad approach to contract interpretation exemplified by cases like *Penn, L.L.C.* and *Aerus, LLC*. As the court explained, a contractual forum-selection clause is not implicated by a non-contractual claim if the contract "is at most a defense" to the claim. *Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679, 683 (2d Cir. 1993). Stated another way, where the plaintiff "asserts no rights under a contract with the defendant containing a forum-selection clause, the forum-selection clause has no effect." *Id.* at 682; *see also Phillips v. Audio Active Ltd.*, 494 F.3d 378, 391 (2d Cir. 2007) ("Because the recording contract is only relevant as a defense in this suit, we cannot say that Phillips' copyright claims originate

11

from, and therefore 'arise out of,' the contract."). Here, Wickline asserts no rights under the OSU Contract, and the forum-selection clause is therefore irrelevant.

## CONCLUSION & PRAYER

For the foregoing reasons, Wickline respectfully asks that the Court reverse the trial court's order granting the defendants' motions to dismiss, and remand this case for further proceedings.

Respectfully submitted,

BECK REDDEN LLP

By: /s/ *David J. Beck*
    David J. Beck
    State Bar No. 00000070
    dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

    Karson K. Thompson
    State Bar No. 24083966
    kthompson@beckredden.com
    Christopher R. Cowan
    State Bar No. 24084975
    ccowan@beckredden.com
515 Congress Avenue, Suite 1900
Austin, TX 78701
(512) 708-1000
(512) 708-1002 (Fax)

**ATTORNEYS FOR APPELLANT,
GREGORY JOE WICKLINE**

12

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2015, a true and correct copy of the above and foregoing Reply Brief of Appellant was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered, and by email, as follows:

Sean E. Breen
HOWRY, BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
Email: sbreen@howrybreen.com

*Counsel for Appellees*

/s/ David J. Beck
David J. Beck

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Tex. R. App. P. 9.4 because it contains 2,741words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.     This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

Dated: <u>April 30, 2015</u>.

*/s/ David J. Beck*
David J. Beck
**COUNSEL FOR APPELLANT,**
**GREGORY JOE WICKLINE**